## THE PEOPLE *ex rel.* PALMER *v.* WOODBURY.

In *quo warranto* to determine the right to an office, an allegation, that defendant is in possession of the office without lawful authority, is a sufficient allegation of intrusion and usurpation.

If the complaint be defective in this particular, the defect must be reached by special demurrer.

The place of Pilot in the port of San Francisco, is an office.

The Board of Pilot Commissioners, under the Act of 1854, as amended by the Act of 1858, have only the powers conferred by the Act, and must appoint the Pilots from the classes of persons named therein. They cannot appoint a man as Pilot, who has not served two years on a pilot boat in the harbor, or commanded a vessel in and out of port for three years.

*Quo warranto* lies to test the right of an appointee of this Board.

No appointing power in this State can determine conclusively upon the capacity of the appointee to hold office. That question may be examined in the Courts.

APPEAL from the Twelfth District.

*Gregory Yale*, for Appellant, cited: Acts, 1854, p. 232; Act 1858, p. 114 amendatory thereof, and argued, that the Board had ignored the law, and that their action was revisable by *quo warranto*. (*Commonwealth* v. *Small*, 2 Casey, 35; *People* v. *Tibbetts*, 4 Cow. 481; *Smith* v. *The State*, 19 Conn. 492; *In re Whiting*, 2 Barb. 518; *Aulanier* v. *The Governor*, 1 Texas, 666; *People* v. *Carrique*, 2 Hill, 93; *State* v. *Utter*, 2 Greenl. 85; *People* v. *Conner*, 7 Hill, 81; S. C. 2 Denio, 293; *People ex rel. Robbs* v. *Dean*, 3 Wend. 438; *Spear* v. *Robinson*, 29 Maine, 542; *Martin* v. *Hilton*, 11 Met. 373.) That no branch of the government is exempt from judicial inquiry, not excepting the Executive, unless where he has a matter specially confided to his discretion. (*Page* v. *Hardin*, 8 B. Mon. 664, 669.)

*Fobes & Parburt*, for Respondent.

1. The complaint should allege, in substance, if not in terms, that defendant usurped, intruded into, or unlawfully held, the office of Pilot.

The action is penal, resulting in exclusion from office, and perhaps fine. (See Practice Act, Sec. 316.) *Quo warranto* is in form, a criminal proceeding, though in substance, a civil one in most cases. (1 Cal. 344; 5 Mass. 230; 9 Wend. 376; 23 Id. 220; Id. 590; *People of New York* v. *The President, Directors & Co. of Bank of Niagara*, 6 Cow. 196.)

Palmer v. Woodbury.

Forfeiture of an office will not be presumed. (2 Denio, 338; 6 Cow. 211, 217; 9 Wend. 352; 23 Id. 9; Id. 194, 224, 414, 254, 538; *Casserly* v. *Fitch*, 1 Id. 519; *People ex rel. Attorney-General* v. *Wells*, 2 Id. 198; *People ex rel. Attorney-General* v. *Addison*, 10 Id. 1; 3 Id. 476; 6 Id. 26; Id. 92; Id. 143; 7 Id. 97; Id. 432.)

2. The complaint shows that defendant was a regularly licensed Pilot at the time this prosecution was commenced, and therefore his qualifications as such could not be questioned in this action.

The Board of Pilot Commissioners is *quasi* judicial. (*Downer* v. *Lent*, 1 Cal. 94.) Their examination into the qualification of Pilots cannot be questioned collaterally.

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

This was a proceeding in the nature of a *quo warranto*, to determine the right of the Respondent to the appointment or place of Pilot of the Port of San Francisco. Woodbury was appointed by the Board of Pilot Commissioners. The Act of May 11th, 1854, (Session Acts, 49,) provides that the Governor shall appoint two resident merchants and two experienced shipmasters, who, with the President of the Chamber of Commerce, shall constitute the Board of Commissioners. The Act gives them power to appoint in the manner prescribed therein, such number of Pilots as they may deem necessary, not exceeding thirty. This number, by the amendatory Act of 1858, was reduced to twenty. By the eighth section of the original Act, persons applying to act as Pilots shall be American citizens, not under twenty-one; and they shall be examined rigidly by the Commissioners, in the presence of one or more licensed Pilots, touching their qualifications and knowledge of the management of square-rigged vessels, and of the tides, soundings, bearings, and distances, of the different shoals, rocks, bars, and points of land, and night lights, of the harbor and bay; and, if deemed qualified, shall receive a license as Pilot, which shall expire at the end of twelve months.

By the amendatory Act of 1858, an additional qualification is added: The candidate must be not only an American citizen, not under twenty-one years of age, but have served two years on board a pilot boat, or have commanded a square-rigged ves-

sel in the coasting trade, in and out of the harbor of San Francisco, for three years, and shall be rigidly examined before the Commissioners, by two or more licensed Pilots, touching his qualifications for the management of square-rigged vessels.

The grounds of this proceeding are, that Woodbury was ineligible to this place, because, first, he had not served two years aboard a pilot boat, in the harbor of San Francisco, before the grant of license; and, second, that he had never commanded a square-rigged vessel in the coasting trade, in and out of the harbor of San Francisco, for three years before such grant.

On the trial the District Court dismissed the complaint, on the motion of the defendant, upon the ground that the facts, if proved, did not entitle the plaintiff to a recovery.

1. It was contended by defendant that the complaint does not aver that the defendant had intruded into, or usurped, the office in question. If the complaint is not sufficiently formal in this respect, the defect should have been presented by special demurrer. The allegations of the complaint sufficiently show that the defendant is in possession of the place, and this without lawful authority, and this we take to be a sufficient allegation of intrusion and usurpation.

2. Nor is the other proposition maintainable. It is difficult to conceive of a definition of a public office which would not embrace this appointment. The Pilots are appointed by virtue of an Act of the Legislature; have a fixed term to their employments; have definite duties prescribed; fixed rates of compensation; are required to give bond, and are entitled to do all the business of Pilots for the harbor of San Francisco. They are subject to penalties for misfeasance and malfeasance, and are protected by law in the enjoyment of their offices and emoluments.

3. Though by the Acts of the Legislature already cited, a power of appointment is given to the Board of Commissioners, the power is not unlimited. It does not authorize the Board to appoint whomsoever it chooses to this office. A discretion is given as to the individuals to be appointed, and this discretion the Courts cannot control; but no discretion as to the classes from which these individuals shall be taken. The Legislature had a right to declare the tests of eligibility, as well as to give the power to select.

They *have* declared them : 1. The appointee must be an American citizen. 2. Not under twenty-one years old. 3. He must have served two years on board a pilot boat, *or* shall have commanded a square-rigged vessel in the coasting trade, in and out of the harbor of San Francisco.

The Board acting as a Special Commission, organized by Act of the Legislature, has just such powers as the Act confers upon it. It cannot transcend those powers. It must make its appointments from the classes of persons prescribed in the Act.

It could no more appoint a man as pilot who had not served two years or commanded a vessel, than it could appoint a free negro or a woman.

It is said that *quo warranto* is not the proper remedy. We think differently. The definition of this process is, that it is in the nature of a writ of right of the public against him who usurps any office, franchise, or liberty; to inquire by what authority he supports his claim, in order to determine the right.

In the case of *Commonwealth* v. *Tyler & Small,* (26 Penn. 2 Casey, 35,) it was held that military officers fall within this definition.

Having decided that this was a public office, it follows necessarily that this is the proper remedy to try the right.

The only thing which it seems to us could be urged against this view, is that the Legislature meant to confide this whole business of appointment of Pilots to this special Board, and to give it as well the power of finally determining the eligibility of the candidates as the power of appointment.

But nothing in the Act so declares. It is not to be supposed that the Legislature meant to give to this Board practically a right to dispense with, or at pleasure set aside, the public law; for this would be the effect of holding its action conclusive.

We are not aware that any appointing power in this State has ever been held to possess the function of determining conclusively upon the capacity of an appointee to hold office. If the people elect an unnaturalized foreigner to a legislative office, the mere election is not conclusive of the question of his capacity to hold it; so if a Governor should appoint one destitute of the legal qualifications to receive the office. We do not see why a different rule should obtain in respect to the election by this

Board. It was only vested with a special power of appointing from a certain class, and had no right to appoint a man not a member of that class.

Such appointee has no right to the office from the appointment, for the plain reason that he holds under, and by virtue of, the law, which does not confer the place, or authorize the Board to confer it, upon him.

The District Court erred in its ruling dismissing the complaint.

Judgment reversed and cause remanded.