# CASES DECIDED

# OCTOBER TERM, 1889.

SAUNDERS *v.* THE ATLANTA AND FLORIDA RAILROAD CO.

The declaration, when taken as a whole, showing that the suit was for services not actually rendered, but which the plaintiff was ready to render, to the defendant under a contract of employment, but not alleging that the contract was made with or by the defendant, or that the plaintiff was wrongfully discharged, or that he objected to taking a rest when notified that he might do so, no cause of action is set forth, and there was no error in dismissing the action for that reason on general demurrer to the declaration.

October 9, 1889.

Pleadings. Actions. Master and servant. Contracts. Before Judge VAN EPPS. City court of Atlanta. December term, 1888.

The declaration of Saunders alleged that the Atlanta & Florida Railroad Co., a corporation under the laws of this State, was indebted to him in the sum of $540, which it refused to pay, as will more fully appear by reference to the bill of particulars attached. Petitioner shows that he was employed by the Atlanta & Hawkinsville Railroad Co. as an engineer at $125 per month and expenses, he to furnish his own instruments, for eighteen months from July 1, 1887, as per written contract as follows: On June 4, 1887, he received from W. P. Stalnaker, principal assistant engineer of said

Atlanta & Hawkinsville Railroad Co., a letter, of which the following is a true copy :

ATLANTA, GA., June 4, 1887.

" Capt. Saunders, Res. Engineer.

" Dear Sir : Will you accept a residency at $100 per month and board for self and horse, if you choose to keep one ? Please let me know at once. . . .

Yours truly,      W. P. Stalnaker, P. A. E "

Petitioner wrote to said Stalnaker about June 5, 1887, that he could not accept the position at the price offered, and received the following reply :

ATLANTA, GA., June 18, 1887.

" Capt. Saunders, Res. Engineer.

Dear Sir : We will give you $125 per month and expense if you will furnish your own instruments, and can come at once. Let us hear from you right away.

Yours truly,      W. P. Stalnaker, P. A. E."

To which petitioner replied by letter that he had permanent employment and could not resign it and accept employment from said railroad company for a period of uncertain duration, and asked to know how long the work for which petitioner was wanted would last, and received a letter of which the following is a copy :

ATLANTA, GA., June 22, 1887.

" Capt. J. L. Saunders, Res. Engineer, Griffin, Ga.

" Dear Sir : Yours of the 21st to hand. Capt. Collier says work will last about eighteen months. Your residency will be at Pine Mountain near Zebulon, a fine, healthy country residency. Are about ten miles long. Will start down the line this morning. Come down to Marble party to-morrow morning. If you accept the place bring your party, if you desire to do so. Assistants $35 per month and board. . . .          Yours truly,      W. P. Stalnaker, P. A. E."

Petitioner shows that said Captain Collier was the chief engineer of said railroad company, and said Stalnaker was the principal assistant engineer. In pursuance of said contract, he went to work for said railroad company, and continued in its employment and that of the Atlanta & Florida Railroad Company, receiving the compensation agreed upon in said contract from said railroads until January 9, 1888, at which time he was

notified that, owing to the condition of the work, his services would not be needed for the present and he could take a rest. Petitioner shows that he has been ready to render to said Atlanta & Florida Railroad Company his services under said contract, according to the terms thereof; that he cannot set out the letters, nor copies thereof, written to said Stalnaker, because he is not in possession thereof, they being in the possession of said railroad, and he kept no copies of the same. Said $125 and expenses were to be paid monthly, and were so paid until said January 9, 1888. Petitioner furnished his own instruments according to the terms of the contract.

Attached was a bill of particulars " for professional services" from January 9, 1888, to May 9, 1888, at $125 per month as per contract, $500; and for board for the same period at $10 per month, $40, making $540. The declaration was filed in office May 15, 1888. On February 4, 1889, it was amended by alleging that the work referred to in said contract " has not yet been completed." To the dismissal of his action the plaintiff excepted.

J. T. PENDLETON, for plaintiff.

P. L. MYNATT, for defendant.

BLECKLEY, Chief Justice.

The declaration is recited at large in the official report. On motion (equivalent to a general demurrer) it was dismissed by the court because no sufficient cause of action was set forth. Had the declaration consisted alone of the first part of it, together with the bill of particulars annexed, this disposition of the case would have been manifestly incorrect, for in that event there would have been a cause of action for services rendered during the four months from January 9th to May 9th, 1888, and for board during the same period, the former

item amounting to $500 and the latter to $40 ; but the intervening allegations in the declaration—taking them as they must be taken, most strongly against the pleader—put a complete negative upon this supposed cause of action. From them it is plainly inferable that no services were rendered, but that the plaintiff only held himself ready to render them, and this under a contract not made with the corporation, but with the Atlanta & Hawkinsville Railroad Company, which latter, so far from being alleged to be identical with the former, it is not even described as a corporation at all. We see not how the plaintiff's readiness to perform services for the corporation under a contract with the other company, would subject the corporation to pay for such services. The fact that it had paid for similar services actually rendered it under the alleged contract with the other company, would not make it liable for services not rendered under that contract, there being no allegation that the contract had been adopted by the corporation and made its own.

There is no allegation that the plaintiff had been discharged, much less that he had been wrongfully discharged, from the employment of any one. He could therefore get no damages or compensation for any breach of his contract of employment by reason of discharge. He avers that he was notified that, owing to the condition of the work, his services would not be needed for the present, and he could take a rest; but does not allege from whom this notice came, whether from the Atlanta & Hawkinsville Railroad Company, or the Atlanta & Florida Railroad Company, the corporation against whom he has brought suit, or from some stranger. Nor does he allege that he objected to taking a rest ; and if he consented to it, we think the fair inference would be that he tacitly agreed to rest without being paid for it. It is hardly probable that either

he or the other party, whosoever that was, would expect his compensation to go on while he was resting. If he objected to a cessation of active employment whilst the work was not in condition to proceed, he should so have alleged in his declaration, and doubtless would have so alleged had the fact been true, the rule being as above stated, that the pleadings of a party are to be taken most strongly against him.

We sum up by simply grouping together the three grounds on which (not standing singly but taken all together) we affirm the judgment: (1) No contract is alleged between the plaintiff and the defendant; (2) no wrongful discharge of the plaintiff from the employment of any one is alleged; (3) it is not averred that he objected to taking the rest, or submitting to a temporary suspension of active service under his contract with the Atlanta & Hawkinsville company.

*Judgment affirmed.*