# THE PEOPLE OF THE TERRITORY OF UTAH,
## Ex RELATIONE, EDWARD M. BYNON, COM-
PLAINANT, v. HENRY PAGE, RESPONDENT.[1]

MUNICIPAL CORPORATIONS.—AMENDMENT TO CHARTER.—JUDICIAL
   NOTICE.—Chapter 48, 1 Compiled Laws 1888, is an act for the
   incorporation of cities.  It divides cities into classes and pro-
   vides a way by which any city may determine the class to which
   it belongs, but this method is not exclusive.  The court will take
   judicial notice of the fact that Salt Lake City has a population
   sufficient to make it of the first class, and as such it becomes
   one of the proper class without any act done upon its part.

ID.—ID.—REPEAL BY IMPLICATION.—Section 1817, 1 Compiled Laws
   1888, providing that the sections of the city incorporation act,
   specifying the number of the wards, and the officers to be
   elected, in cities of certain classes, shall apply to cities already
   incorporated, effects an amendment to the charters of such
   incorporated cities without any repealing clause in the statute.

(Overruling Hays v. Corey, ante p.
23

ORIGINAL APPLICATION for a writ of *mandamus*. The petition alleged that on Monday, February 10th, 1890, a municipal election was to be held in Salt Lake City, and that there should be chosen on that day one mayor, fifteen councilmen, three from each of the five municipal wards, and other city officers, but that the said Page had given notice for the election of one mayor, five aldermen and nine councillors and other city officers, and prayed that he might be required to give notice as required by law.

The city charter provided, 1 Comp. Laws 1888, Sec. 308, that "The municipal government of said city is hereby vested in a city council to be composed of a mayor, five aldermen, one from each ward, and nine councillors, who shall have the qualifications of electors in said city, and shall be chosen by the qualified electors thereof. The general incorporation law, 1 Comp. Laws 1888, p, 609 *et seq.*, approved March 8, 1888, provided, at Sec. 14, that the municipal corporation(s) in this Territory are divided into three classes: First class, over twenty thousand inhabitants; second class, from five to twenty thousand; third class, all other cities, and that municipal authorities of any city are authorized to take census, mayor to certify the result to governor, and governor to make proclamation assigning city to its class. Section 16 divided all incorporated cities of the first and second classes into five wards; section 17 vested government of each city of first class in mayor and fifteen councilmen, three from each ward. Section 1 of Article 6 provided: "There shall be elected in the cities of the first class a mayor, elected at large, and three councilmen from each municipal ward; *provided*, that in the case of any incorporated city in which at the time of the passage of this act the members of the board of aldermen or council are elected from districts or wards, the provisions of this section shall not apply, nor shall this act in any manner interfere with the existing qualifications of the electors or officers or with the manner of selecting the officers." Section 5 of Article 20 made Section 1 of Article 6 *supra* applicable to all incorporated cities now organized in the Territory and cumulative and supplemental to the charters of said cities.

*Mr. W. H. Dickson* and *Mr. P. L. Williams* for the relator.

*Mr. O. W. Powers* and *Mr. C. W. Bennett* for the respondent.

BLACKBURN, J.:

This is a petition by the plaintiff for a peremptory writ of mandate to require the defendant, who is the proper officer, to give election notices for the coming municipal election in Salt Lake City; to put up notices of said election, stating, among other things, that there will be chosen by the qualified voters at said election fifteen councilmen, three from each precinct of said city; one mayor, one recorder, one treasurer, one marshal, and one assessor and collector at large, and one justice of the peace for each of the five precincts of said city.

This involves a construction of a portion of the act of the last territorial legislature (Laws 1888, c. 48) entitled "An act for the incorporation of cities." The purpose of that act seems threefold: *First,* to incorporate new cities; *second,* to provide a mode by which cities already organized can reincorporate under this act; *third,* to apply to cities already incorporated, certain portions of the act as amendments to their charters, without reincorporation. The question raised by this petition is, does this act require that the officers provided for in it shall be elected at the coming municipal election in Salt Lake City, or shall the officers provided for in the charter of said city be chosen? I think the officers provided for in this act are hereafter the proper ones to govern the city. Section 14, Article 1, by express words applies to cities now organized, and provides that they shall be divided into three classes. All cities having a population of 20,000 and over shall belong to the first class, etc. Other portions of the act point out the way any city may determine the class it belongs to, but the mode mentioned in the act is not exclusive. If Salt Lake City has in fact a population of 20,000 or over, and the court can judicially know the fact, it is a city of the first class, whether it takes any steps to

ascertain that fact or not. Courts take judicial notice of all the political acts of the government. The census of 1880 shows this city to have a population of over 20,-000, and that is a political act of which the courts take judicial notice. Therefore I think Salt Lake City, under this act, is a city of the first class, without anything done on its part. Again, Section 5, Article 20, expressly provides that Section 1, Article 6, among other provisions of this act, shall apply to all cities already incorporated. Although there is no repealing clause in this act, yet Section 5, Article 20, has the effect to make these several provisions amendments to the charters of all the cities to which they are applicable. Section 1, Article 6, provides that officers of the cities of the first class to be elected by the people shall be three councilmen from each municipal ward, a mayor, a recorder, a treasurer, an assessor and collector, and a marshal. Another provision of the act provides that cities of the first class shall be divided into five wards, and that one justice of the peace shall be elected from each ward. Both parties having appeared, and this application having been argued at the hearing, there is no need of an alternative writ. Therefore the per-·emptory writ will issue as prayed for.

ZANE, C. J., and ANDERSON, J., concurred.

HENDERSON, J., was absent at the hearing of this case, and took no part in the decision.