## PEOPLE OF THE TERRITORY OF UTAH, EX RELATIONE RICHARD W. YOUNG AND OTHERS, RESPONDENTS, v. LOUIS COHN AND OTHERS, APPELLANTS.

PLEADING.—JOINDER OF PLAINTIFFS.—OFFICE.—Under section 3534, 2 Comp. Laws 1888, providing that when several persons claim to be entitled to the same office or franchise, one action may be brought against all such persons in order to try their respective rights to such office or franchise; where a municipal ward in a city is entitled to three councilmen and three persons claim as councilmen from such ward, one action may be brought in the name of the people against the three persons so claiming in order to determine the right, and a judgment entered in favor of the three relators claiming against the three defendants claiming.

APPEAL from a judgment upon demurrer of the district court of the third district. The opinion states the facts.

*Messrs. Williams and Van Cott,* for the appellants.

*Mr. Le Grande Young,* for the respondent.

MINER, J.:

The people of the Territory of Utah, by Walter Murphy, prosecuting attorney of Salt Lake county, on relation of Richard W. Young, William J. Tuddenham, and John Fewson Smith, filed complaint in the third district court, alleging, among other things, that Salt Lake City is a city of the first class, divided into five municipal wards; that on the 10th day of February, 1890, there was an election held in said city for the purpose of electing

a mayor and fifteen councilmen,—three from each munic-
ipal ward, as provided by law,—to serve in said city as
the city council thereof for the ensuing two years; and
that at such election, said relators, being qualified, were
then candidates for such office of councilmen in the
Fourth municipal ward of Salt Lake City, and they each
received of the legal qualified votes of said ward at such
election 482 votes, and that no other persons were voted
for in said ward by said electors for said office save the
defendants, and that they received only 305 votes each
for said office; that said relators were then and there
each duly elected to such office of councilmen; that they
had accepted said offices, and are ready, willing, and
have offered to enter upon the discharge of the duty
thereof; that said defendants have usurped and intruded
into, and are now unlawfully usurping, intruding, and
holding, said offices, to the injury of the people and to
the damage of relators, and ask to be adjudged the right-
ful holders of said office, etc.

To which complaint the defendants filed their demurrer
on the grounds; (1) Said amended complaint does not
state facts sufficient to constitute a cause of action. (2)
Misjoinder of parties plaintiff, in that each of the
relators, Young, Smith, and Tuddenham, claims to be
entitled to an office which is separate and distinct from
the office or franchise claimed by each of his co-relators,
and they are not authorized by statute to be joined in
an action to establish their titles to separate and distinct
offices. (3) Misjoinder of parties defendant in said action,
in that it appears that each of the said defendants, Cohn,
Noble, and Hall, has usurped and intruded into and is
holding an office separate and distinct from the office
which it is alleged each of his co-defendants is usurping
and holding. (4) Several causes of action have been

improperly united in said complaint, to-wit: A cause of action by said Young to determine his right to the office of councilmen, with causes of action by Tuddenham and Smith, to determine their separate rights to separate offices of councilmen of Salt Lake City.

The court overruled the demurrer. The appellants failing to answer, judgment was entered in favor of the relators and against the appellants as prayed, and on this ruling and judgment the appellants appeal.

This action is brought by the prosecuting attorney, under sections 3529, 3530, Comp. Laws 1888, to determine the rights of the relators to such office. By section 1761, Id., three councilmen were to be elected from this ward at the same time, each to hold the office for two years. The term commences and ends at the same time. Under the admission in the pleadings the appellants were not elected by a majority of the votes of the ward, but have unlawfully usurped the office, and now hold it against the rights of the people and of the relators, who were each duly elected at such election. The contention by the appellants' counsel, that neither of the relators was elected to fill either one of the particular offices held by any one of the appellants, shows that, if suit was brought by one of the relators for the position usurped by one of the appellants, great difficulty would be found in ascertaining what particular office or place should be assigned to the claimant, and this contention argues strongly in favor of the judgment asked by the relators, and that it was a proper judgment in their favor.

" When several persons claim to be entitled to the same office or franchise, one action may be brought against all such persons in order to try their respective rights to such office or franchise." Comp. Laws 1888, § 3534. The joinder of defendants under this statute was

intended to protect the rights of the people, and to pre-
vent a multiplicity of actions to determine the same
question based upon one and the same, or substantially
the same, right, and relating to the same kind or
character of office, and Where the action and defense
would necessarily be the same, or involve substantially
the same rights. This is an action wherein the people
must necessarily be plaintiffs, and it is difficult to see in
what other mode this particular action could be com-
menced and maintained so as to do substantial justice to
all and injustice to none. The relators were all elected
at the same time for the same office or franchise. Neither
was elected to fill any particular place now held by any
particular·one of the appellants, and there could not for
that reason be any separate judgment for either relator
as against either one of the appellants. There is a joint
common usurpation of the office by all the appellants to
which the relators have a joint common interest or right
by virtue of their election. The action was therefore
properly brought by the people in behalf of the three
relators against the three appellants to determine which
set of these persons claiming title were entitled to hold
the franchise and represent the fourth precinct in the
city council. *People* v. *Murray,* 8 Hun, 577, 5 Hun, 42;
*People* v. *Woodbury,* 14 Cal. 43; *People* v. *Page,* 6 Utah,
353, 23 Pac. Rep. 761. The demurrer should be over-
ruled. The order and judgment of the third district
court is affirmed, with costs of both courts.

BLACKBURN, J., concurred.

ANDERSON, J., did not sit in this case.