[No. 5655.]

THE PEOPLE EX REL. LAWSON ET AL. v. STODDARD ET AL.

1. **Pleading—Demurrer—Parties.**
The objection that there is a misjoinder of parties defendant cannot be raised by a joint demurrer by all the defendants.

**2. Same—Offices and Officers—Quo Warranto.**

One action was properly brought by the three persons claiming to be the lawfully elected county commissioners of the city and county of Denver against the seven supervisors of said city and county, who were designated by the charter of said city and county to perform the duties of county commissioners, to oust them from said office of county commissioner,

**3. Opinion Followed.**

Following the opinion in The People ex rel. v. Johnson, ante, p. 143, the judgment in this cause is reversed and judgment rendered for relators.

*Appeal from the District Court of the City and County of Denver:*

*Hon. Samuel L. Carpenter, Judge.*

Mr. GEORGE STIDGER and Mr. H. J. HERSEY, for appellants.

Mr. MILTON SMITH and Mr. CHARLES R. BROCK, for appellees.

Mr. JUSTICE MAXWELL delivered the opinion of the court.

Appellants seek to oust appellees from the office of county commissioner of the city and county of Denver, which office they allege in their amended complaint appellees had unlawfully usurped and intruded into.

The general allegations of the amended complaint are substantially the same as those stated in *People ex rel. etc. v. Alexander,* No. 4976, except that here the allegations relate to the office of county commissioner of the city and county of Denver.

In this case it appears that the charter convention of the city and county of Denver of 1904 abolished the office of county commissioner and designated the seven members of the board of supervisors of the city and county of Denver to perform the acts and duties required of county commissioners

to be done by the constitution or by the general laws so far as applicable.

In addition to the ground that the amended complaint did not state facts sufficient to constitute a cause of action a demurrer raised the objections that there is a defect and misjoinder of parties plaintiff and defendant; that two causes of action are improperly united and that the complaint is ambiguous, unintelligibble and uncertain.

As we read the grounds specified in the demurrer upon which the above objections to the amended complaint are based we are of the opinion that excepting the general demurrer all other objections may be comprehended within the objection as to misjoinder of parties, and we shall so dispose of the matter.

The demurrer was a joint demurrer of all the defendants.

In *Empire Co. v. Board,* 21 Colo. 244, 247, it is ruled that the objection that there is a misjoinder of parties defendant cannot be raised by a joint demurrer of all the parties.

Section 294, Civil Code of Procedure, provides that, ''When several persons claim to be entitled to the same office or franchise one action may be brought against all such persons in order to try their respective rights to the same office or franchise.''

*People v. Prewett,* 124 Cal. 7, was a proceeding in the nature of a *quo warranto* instituted by three plaintiffs against three defendants to test the right of the respective parties to the office of school trustee. In the course of the opinion the court said: ''Appellants' objection to the complaint on the ground that the three causes of action are improperly united is not well taken. Sec. 808 of the Code of Civil Procedure provides: 'When several persons claim to be entitled to the same office or franchise one action may be brought against all such persons in order to try

their respective rights to such office or franchise.'
The office or franchise here was the same. The
three trustees constitute a board of entity charged
with the performance of the same public duty; and
where the right of each member of the board depends
upon the same facts as is the case here the question is
whether the board composed of the three persons has
a legal existence and the right to exercise the powers
conferred upon it as such.''

*People v. Kohn,* 7 Utah 352, was a proceeding
in *quo warranto* to determine the right of three
relators to the offices of councilmen of Salt Lake City,
which offices were held by three respondents; by
demurrer to the complaint the same objections were
urged as are here presented. The court said:
''When several persons claim to be entitled to the
same office or franchise one action may be brought
against all such persons in order to try their respec-
tive rights to such office or franchise.—Comp. Laws
1888, sec. 3534. The joinder of defendants under this
statute was intended to protect the rights of the peo-
ple and to prevent a multiplicity of actions to
determine the same question based upon one and the
same or substantially the same right and relating to
the same kind or character of office, and where the
action and defense would necessarily be the same or
involve substantially the same rights.   *   *   *   The
action was therefore properly brought by the people
in behalf of the three relators against the three
defendants to determine which set of these persons
claiming title were entitled to hold the franchise and
represent the fourth precinct in the city council.''
Citing *People v. Murray,* 8 Hun 577; *People v.
Woodbury,* 14 Cal. 43, and *People v. Page,* 6 Utah
353.

Except as above stated this record presents the same legal propositions ruled in *People ex rel. etc. v. Johnson*, No. 4850.

For the reasons herein stated and following the ruling in the Johnson case the demurrer should have been overruled.

The judgment rendered by the court below will be reversed, set aside and for naught held, and judgment rendered and entered in this court in favor of appellants, William Lawson, Eugene McCarthy and Thomas A. Uzzell, and against appellees, John N. Stoddard, A. J. Spengel, Benjamin E. Woodward, George E. Smith, Roady Kenehan, Daniel L. Webb and A. H. Aronson, as prayed in the amended complaint, and that appellants have judgment for costs.

*Judgment accordingly.*

Decision *en banc*.

Mr. JUSTICE STEELE and Mr. JUSTICE GUNTER dissent.