## No. 11,529.

LOCKARD ET AL. v. PEOPLE EX REL. HASSELBUSH, ET AL.

Decided July 6, 1926.

Action in quo warranto.  Judgment for relators.

*Affirmed.*

## On Application for Supersedeas.

1.  IRRIGATION DISTRICTS—*Directors—Powers.*  The absence of one of three directors of an irrigation district, he having had notice of the meeting, does not invalidate the action of the other two.

2.  PLEADING—*Quo Warranto—Demurrer.*  In quo warranto, in accordance with the general rule, the truth of allegations well pleaded, is conceded by demurrer.

3.  QUO WARRANTO—*Complaint—Sufficiency.*  In an action in quo warranto, involving the offices of irrigation district directors, allegations of the complaint reviewed and held sufficient, and admissions by demurrer thereto fatal to respondent's contentions as to the invalidity of the election under which relators claimed office.

4.  IRRIGATION DISTRICTS—*Officers.*  In an action in quo warranto, the mere fact that respondents—hold over directors—doubted the legality of the proceedings by which relators claimed to be elected directors of an irrigation district, held no reason for their trying to extend their tenure of office, nor for withholding certificates of election from relators, without attempting to show the invalidity of the election.

5.  PLEADING—*Demurrer—Presumption.*  In a quo warranto proceeding involving offices of directors of an irrigation district, respondents having elected to stand on their demurrer to the complaint, which was overrruled, the presumption is that they had no valid defense which could be raised by answer.

6.  QUO WARRANTO—*Pleading—Demurrer.*  In an action in quo warranto, a demurrer to the information will not be sustained if as a whole it contains sufficient charges to support it.

7.  REMEDIES—*Quo Warranto—Irrigation District Directors.* Quo warranto lies to test the title of the office of a director of an irrigation district.

8.  QUO WARRANTO—*Irrigation District Directors.* In an action in quo warranto involving the offices of irrigation district directors, the contention that the complaint is uncertain in failing to designate the several divisions of the district where relators resided, held immaterial.

9.  PLEADING—*Complaint—Ambiguity and Uncertainty.* There being no answer to a complaint, the objections of ambiguity and uncertainty should be raised by motion to make more specific, or by demurrer on those grounds. They cannot be raised under the objection that the complaint does not state a cause of action.

10.  *Parties—Misjoinder.* In an action in quo warranto involving title to the offices of directors of an irrigation district, relators, residents of the district and claiming to have been lawfully elected, were properly joined as complainants in the action.

11.  *Parties—Misjoinder.* In an action in quo warranto, joinder of respondents claiming the offices of directors of an irrigation district, held proper as tending to avoid a multiplicity of suits.

*Error to the District Court of Garfield County, Hon. John T. Shumate, Judge.*

Mr. L. E. KENWORTHY, Mr. JOHN L. NOONAN, Mr. J. W. DOLLISON, for plaintiffs in error.

Mr. WAYNE C. WILLIAMS, Mr. GEORGE HETHERINGTON, for defendants in error.

*Department One.*

MR. JUSTICE ADAMS delivered the opinion of the court.

ACTION in quo warranto, brought in the name of the people, upon the relation of Hasselbush and Wallace, to oust the respondent Lockard from the office of secretary of the Divide Creek Irrigation District and the respondent Canning from the office of president and di-

rector thereof; to compel respondents to deliver the offices to relators and to turn over to relators, all property and effects of the district, and for general relief.

The respondents demurred separately, on three grounds: (1) Misjoinder of relators; (2) misjoinder of respondents, and (3) that the complaint does not state a cause of action.

The trial court overruled the demurrers and respondents elected to stand thereon. Relators thereupon offered evidence in support of their complaint, and judgment of ouster and for other relief as prayed was entered against respondents. Respondents bring the case to this court and ask for a supersedeas.

The Divide Irrigation District is regularly organized under L. 1905, c. 113, and acts amendatory thereto. C. L. sec. 1960, et seq. The district is divided into three divisions and the board of directors consist of three members. C. L. sec. 1962. It appears from the complaint and the exhibits attached thereto and made a part thereof, that prior to December 2, 1924, the directors and officers of the district consisted of Lockard, director and secretary, and Canning, director and president, there being one vacancy on the board. On December 2, 1924, the annual election of the district was held, to elect two directors, one for the vacancy and one for the place of Canning, whose office was then about to expire. Lockard's term not then expiring, he was a member of the old board and also of the new. Both relators were candidates for election as directors. The complaint further recites that they are qualified electors of the state and of the irrigation district; that the old board, consisting of Lockard and Canning, called the regular annual election; that Lockard, as secretary, gave notice thereof; that the election was held, pursuant to notice, but that respondents failed to call a meeting of the board to canvass the election returns until January 2, 1925; that they met at that time and canvassed the returns, and relators were found to have a majority of the votes;

that Lockard, as secretary of the board, notified relator Wallace that he had received a majority, and was entitled to a certificate of election, provided that the election was legally held, but, said the secretary, the board (Lockard and Canning) were in doubt as to the legality of the election. The secretary sent a similar notice to relator Hasselbush. Relators say that although they were elected, Lockard dominates the old board, and refuses to issue a certificate of election, and that respondents are unlawfully assuming to act as directors and officers of the district; that they have committed unlawful acts in the name of the board, and that they refuse to turn over property and effects of the district, to which relators are entitled as officers and directors thereof. The complaint further shows that after relators were elected directors on December 2, 1924, they took their oaths of office and filed their bonds; that they met as a board and organized, giving Lockard notice of the meeting, but that he failed to attend; that at the meeting of the new board, relator Wallace was elected president and relator Hasselbush secretary; that relators are now directors of the district and that they are respectively president and secretary thereof, but that respondents are usurping their offices, Lockard pretending to act as secretary, and Canning pretending to act as director and president, both of them acting without right or authority. The above is the gist of the complaint; we have condensed it here, giving only what we consider enough to understand its purport and effect.

1. Under the act in question, the directors of irrigation districts are elected by the qualified voters of the district, and the president and secretary are chosen by the directors, from among their members. The contest is between two sets of men, relators claiming by virtue of the December, 1924, election, and respondents by virtue of their old offices, they asserting that they are holding over, because of their doubt as to the legality of the election. Canning is the only respondent whose directorship is challenged, Lockard's term as director not having

expired, but the right of each of the respondents to act as officers, i. e., as president or secretary, is disputed, because only one member of the old board (Lockard) was left, and singly he could not organize nor act as a director.

2. The case is reduced to this: If the December, 1924, election was valid, and relators qualified, then they are directors, and a fortiorari, when they subsequently met as a board, and among other things elected Wallace president and Hasselbush secretary, giving the other member of the board, Lockard, due notice of the meeting, their election as such officers respectively, and all other corporate acts there performed by them as directors were valid, whether Lockard saw fit to come to the meeting or not. On the other hand, if the annual election of directors held in the district in December, 1924, was invalid, then it would follow that relators could not act as a board, and their acts while purporting to sit as a board of directors would be void, and the respondents, being lawfully in office, would be entitled to have the writ discharged.

3. Under section 322 of the 1921 Code, in addition to the statement of the cause of action, the complaint may set forth the name of the person rightfully entitled to the office, and under the next section, 323, judgment may be rendered upon the right of the defendant, and also upon the right of the party alleged to be entitled, or only upon the right of the defendant, as justice shall require. Under these sections, we consider the complaint from a twofold aspect: first, as to the right of relators to fill the offices in dispute, and second, as to the right of respondents to hold them, whether relators are entitled to such offices or not. In this case, it happens, the one is dependent upon the other, as we have stated.

In quo warranto, in accordance with the general rule governing demurrers, the truth of allegations well pleaded are conceded by a demurrer. 22 R. C. L. 712. And in the instant case, relators went farther and sustained their allegations with proof. The complaint is

sufficient to show, first, that relators were lawfully elected directors by the voters of the district, and second, that they were afterwards elected president and secretary respectively, by the new board of directors. The election of directors having been regularly called by respondents as directors of the district, and having been held pursuant to call, and respondent secretary having notified relators that they had received a majority of the votes cast and that they were entitled to certificates of election, "if the election was valid," the mere fact that respondents were suspicious or claimed to be "in doubt as to the legality of the election," was no reason for their trying to extend their own tenure of office, nor for withholding certificates of election from relators, without making any attempt to show how or why the election was invalid. The complaint was good and the admissions made by the demurrers thereto, were fatal to respondents' contention as to the invalidity of the election.

4. Whichever way we look at it, if we say that the burden in the first instance was on relators to plead and prove *their own* rights to fill the offices, the record shows that they have fully met such conditions, besides being assisted by the demurrers. On the other hand, if we follow the rule laid down in *Lyons & Estes Park Toll Road Co. v. People,* 29 Colo. 434, 68 Pac. 275; *People v. Owers,* 29 Colo. 535, 69 Pac. 515; and *People v. Stratton,* 33 Colo. 464, 81 Pac. 245, that in quo warranto proceedings, to determine the right to a franchise or office, the burden is on defendant to prove *his* title thereto, and if he fails, judgment must go against him, under the latter holdings, respondents have still lost their rights, if any they had, to hold the offices in question, because of their demurrers, upon which they elected to stand, thus conclusively admitting the allegations of the complaint, and throwing away their privilege of answering, if they had any defense. From these acts on their part, the complaint being good, the presumption is that re-

spondents had no valid defense that they could raise by answer.

5. As to the general demurrers to the complaint, the usual rule of pleading applies here, that the demurrer will not be sustained if the information as a whole contains sufficient charges to support it. 22 R. C. L. 712, sec. 39.

6. Counsel for respondents claim that quo warranto does not lie to test the title of directors of irrigation districts, but we decided otherwise in *Kepley v. People,* 76 Colo. 233, 230 Pac. 804, and in *Lockard v. People,* 65 Colo. 558, 178 Pac. 565, another irrigation district case, we held that the usurpation of a franchise is a public wrong which may be corrected by quo warranto. These decisions are applicable in the instant case and will be followed here.

7. A point is attempted to be made that the complaint is ambiguous and uncertain in failing to designate with clearness the several divisions of the irrigation district where the claimants to the office of directors reside, or from which division they were elected to the board, but we think this unimportant, for there is no contest on that score apparent from the complaint. The dispute is not narrowed to a question of successors in particular divisions, but it is whether the parties are entitled to act at all as directors and officers of the corporation. A director of the district, when lawfully elected and qualified, chosen by the same electorate, is a director, no matter what part of the district he came from. Each is entitled to one vote on corporate matters; each has equal power and authority with the other members on the board, and each is bound by like oath and bond to give faithful service to the district as a whole. If the point of alleged ambiguity or uncertainty had been of consequence, there being no answer to the complaint, it should have been raised by motion to make more specific, or by demurrer for ambiguity or uncertainty, which is the seventh ground under section 56 of the 1921 Code, and

it could not be raised on the sixth ground, that the complaint did not state a cause of action.

8. Respondents' contention that relators could not join in this action is not sound. As residents of the state and irrigation district, and claiming to be lawfully elected directors, no one could have been more vitally interested than they. Code 1921, section 10 provides: "All persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs, except as otherwise provided in this act." It would be manifestly absurd to compel them to bring separate suits, in the same court, based on the same cause of action, with the same evidence, for the same purpose—to determine the personnel of the officers and directors of one irrigation district.

9. Respondents' claim that there was a misjoinder of parties respondent is equally untenable. *People v. Stoddard,* 34 Colo. 200, 86 Pac. 251, is controlling. There three persons, claiming to be elected county commissioners of the city and county of Denver, brought a single action against seven supervisors of the city and county, who were designated by the charter of the city and county to perform the duties of county commissioners, to oust them from the office of county commissioner. Section 326 of our 1921 Code was then in force, which reads: "When several persons claim to be entitled to the same office or franchise, one action may be brought against all such persons in order to try their respective rights to such office or franchise." In *People v. Stoddard, supra,* this section was quoted, with one like it in the state of Utah, referred to in *People v. Kahn (Cohn),* 7 Utah 352, cited in the Stoddard case. In the latter case, this court adopted this language from the Utah case: "The joinder of defendants under this statute was intended to protect the rights of the people and to prevent a multiplicity of actions to determine the same question based upon one and the same or substantially the same right and relating to the same kind or character of office, and where the action and defense would neces-

sarily be the same or involve substantially the same rights.'' A similar provision in California, with a decision from that state was also referred to in the Stoddard case, quoting the words: ''The office or franchise here was the same. The three trustees constitute a board of entity charged with the performance of the same public duty; and where the right of each member of the board depends upon the same facts as is the case here the question is whether the board composed of the three persons has a legal existence and the right to exercise the powers conferred upon it as such.'' We are confronted with a similar situation in the case at bar.

10. The validity of only one election for directors of the district is involved in this case, that of December 2, 1924. Respondents' rights as officers and directors prior thereto are not questioned. The election for directors having been determined in favor of relators, and Canning's office having ceased, he had no further powers after the newly elected directors qualified. Lockard, the sole survivor of the old board, under the rule in *Kepley v. People, supra,* could not act singly as a director. It was the same when he attempted to perform corporate acts with Canning, after the latter had ceased to be a director. The right of relator Wallace to the office of president and that of relator Hasselbush to act as secretary of the board of directors, both chosen as such officers at the same board meeting, followed as a logical consequence, and separate suits to determine their rights as such officers, based on the same facts, would have been a useless expenditure of court energy. Likewise, a complete determination or settlement of the questions involved, would have been difficult, if not impossible, without making both respondents parties, when their joint acts as pretended officers and directors of the irrigation district were challenged, as in this case.

The supersedeas will be denied and the judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE BURKE concur.