**DRISKELL v. POWELL et al.**

No. 7086.

Circuit Court of Appeals, Fifth Circuit.

Nov. 13, 1933.

---

G. Fred Kelley, of Gainesville, Ga., and Frank Harwell and John I. Kelley, both of Atlanta, Ga., for appellant.

John B. Gamble, of Athens, Ga., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

The suit of appellant for personal injuries was dismissed on demurrer. She alleged that she was riding as her husband's guest in an automobile at night over an unfamiliar road through Lawrenceville, a town of about 2,000 people, where the road at the edge of town dipping into a hollow filled by a local fog crossed the railroad track 50 feet from the railroad station. They did not know the track was there, and a street light near the crossing did not sufficiently illuminate it on the night in question because of the fog. They suddenly and unexpectedly ran into the fog and into a freight train standing across the crossing and hidden by the fog. Appellant's eyes were destroyed by broken glass, her nose and legs broken, she was rendered unconscious, and the automobile was wrecked. The negligence alleged against the railroad company is that the crossing was blocked; that the light was insufficient in the fog; that, by reason of the fog, some warning by sound, red light, or special watchman ought to have been provided, or the train uncoupled so as to clear the crossing. But it is not alleged how long the train had been standing or that the stopping of it was not necessary; nor how long the densely foggy condition had existed there.

The main argument has been on the point that a sudden and dense fog must have been visible by the automobile lights as a white wall in front, and that to enter and go through it at a speed capable of producing the alleged results was such recklessness in the driver as to be as a matter of law the proximate and sole cause of the injury. We do not decide that contention, for the suit was rightly dismissed on the special ground of demurrer that the acts and omissions alleged do not show negligence on the part of the defendant. When a railroad is permitted to be constructed, its operator may lawfully cross roads and streets with the trains just as members of the public may cross the tracks with their vehicles. Particularly at their depots, railroads may stop their trains and obstruct the crossings for a reasonable time when necessary to the transaction of their business. Smith v. S., F. & W. R. R. Co., 84 Ga. 704, 11 S. E. 455. No city regulations are here involved as in Central R. R. Co. v. Heard, 36 Ga. App. 332, 136 S. E. 533. The railroad, while it has the crossing obstructed, should use reasonable care that the obstruction does not injure travelers upon the street. In the daytime travelers may ordinarily be expected to see a train. At night the street light at Lawrenceville depot would have been sufficient to reveal it but for the fog. The fog at last is relied on to raise a special duty on this occasion to give some special warning or to relieve the obstruction by uncoupling the train. If a jury could find that the situation on this night required extraordinary precautions, there are no facts alleged to show that there had been time to take them. Pleadings at law are to be construed on demurrer strictly against the pleader. It is to be presumed that the pleader has put his case in the most favorable light possible, and omission of facts important to be alleged is taken to mean that they do not exist. Field v. Brantley, 139 Ga. at page 441, 77 S. E. 559; Allen v. Augusta Factory, 82 Ga. 76, 79, 8 S. E. 68; Saunders v. Atlanta & Florida R. R., 83 Ga. 437, 10 S. E. 266; Charleston & W. C. R. R. Co. v. Augusta Stockyard Co., 115 Ga. 70, 41 S. E. 598; Mayor of Dalton v. Wilson, 118 Ga. 100, 44 S. E. 830, 98 Am. St. Rep. 101; Old Colony Trust Co. v. A., B. & A. R. R. Co. (D. C.) 264 F. 355; Chambers v. Whelen (C. C. A.) 44 F.(2d) 340, 72 A. L. R. 611. No agent of the defendant is alleged to have been present except the train crew. For all that appears, it may be that the train had just stopped for some necessary purpose, and that the blocking of the crossing had not existed for an unreasonable time, and that sufficient time had not elapsed since the train stopped for the crew to discover and guard against the extraordinary local conditions complained of. For the fog itself the defendant was not responsible. Taking as true all the facts properly pleaded, we cannot see that any agent of the railroad company had failed in any duty.

Judgment affirmed.