## No. 13,620.

PEOPLE EX REL. PROSSER, ATTORNEY GENERAL ET AL. *v.* ESTATE OF HADFIELD ET AL.

(56 P. [2d] 25)

Original opinion filed December 30, 1935. On petition for rehearing, opinion withdrawn, substitute filed and rehearing denied March 2, 1936.

Mr. PAUL P. PROSSER, Attorney General, Mr. GEORGE HETHERINGTON, Assistant, for plaintiff in error.

Mr. RAYMOND M. SANDHOUSE, Mr. RAYMOND L. SAUTER, Mr. W. MABRY KING, for defendants in error.

*In Department.*

MR. JUSTICE BOUCK delivered the opinion of the court.

WILLIAM S. Hadfield, a resident of Logan county, Colorado, died on May 23, 1927, leaving a last will and testament that disposed of a large amount of personal property. No real property was devised or mentioned. An inheritance tax was paid in due course. Some years later the state of Colorado, by its attorney general, filed in the county court of Logan county a petition requesting an order to appraise certain real property as after-discovered assets of the estate, and to assess an additional inheritance tax thereon. The petition in its amended form set forth the above facts, and also alleged the following: That on April 20, 1928, the application of the executrix for appraisement and waiver of inheritance tax transfer provisions was duly filed with the inheritance tax department of Colorado; that after said date there were discovered additional assets on which no inheritance tax had been assessed or paid; that those assets consisted of transfers made by the testator to his wife in contemplation of death and without payment of an adequate or valuable consideration; that one transfer was by deed executed June 16, 1925, and recorded July 30, 1927, conveying for the consideration of "one dollar and love and affection" four lots in Sterling, Colorado, and certain large tracts of land in Logan county, Colorado, together with certain specified water rights; that the other transfer was by deed executed December 4, 1925, and recorded April 14, 1927, conveying for the consideration of "one dollar and love and affection" over 2,000 acres of land in Washington county, Colorado.

The state is obviously proceeding to invoke the 1921 statute in force at the time of Hadfield's death. This is found in C. L. 1921 as section 7485, being S. L. '21, c. 144, §2, which statute, since amended, was then in part as follows:

"Sec. 2. A tax shall be and is hereby imposed upon the transfer of any property, real, personal or mixed, or of any interest therein or income therefrom, in trust or otherwise, to any person or persons, institution or corporation, except as hereinafter exempted, in the following cases: * * *

"C. When the transfer is made by a resident, or by a non-resident when such non-resident's property is within this state, by deed, grant, bargain, sale, assignment, gift or contract, in contemplation of the death of the grantor, vendor, assignor or donor, or intended to take effect in possession or enjoyment at or after such death; Provided, That any such gift, or any such deed, grant, bargain, sale, assignment or contract without valuable and adequate consideration *(i. e.,* a consideration equal in money or money's worth to the full value of the property transferred) made within one year prior to the death of the decedent shall be deemed and held to have been made in contemplation of the death of the decedent.

"The words 'contemplation of death' as used in this act, shall be taken to include that expectancy of death which actuates the mind of a person on the execution of his will, and in no wise shall said words be limited and restricted to that expectancy of death which actuates the mind of a person making a gift causa mortis; and it is hereby declared to be the intent and purpose of this act to tax any and all transfers which are made in lieu of or to avoid the passing of property transferred by testate or intestate laws."

■ To the petition Mrs. Hadfield, for herself and as executrix, interposed a general demurrer. This demurrer was sustained and the petition dismissed. Of course the demurrer, being a general one, did not point out any specific defects, inaccuracies, ambiguities, or duplicities of statement. The remedy by demurrer on the seventh ground specified in Code '21, §56, found in C. L. '21 at page 113, namely, "that the complaint is ambiguous, unintelligible and uncertain," was not invoked, though

Colorado and a few other states have added this ground to those prescribed in the codes of most other jurisdictions. The absence of any effort, by motion or special demurrer or otherwise, to have the petition made more specific and certain, or to relieve it of possible redundancies, inconsistencies, or other faults of pleading, renders ineffectual so much of the attack upon that pleading as is based upon such faults of the latter as might thus have been eliminated or corrected. *Lockard v. People,* 80 Colo. 31, 37, 250 Pac. 152, 154. See *Gregg v. Hayes,* 27 Colo. App. 412, 413, 149 Pac. 1055, 1056, where it was said: "If, upon a consideration of all the allegations appearing in the complaint, there can be culled therefrom sufficient averments showing the plaintiff clearly entitled to relief, the complaint should be held good as against the [general] demurrer, no matter how much superfluous matter may be contained therein, or how ambiguous or disconnected the pleading may otherwise be."

 In gauging the merits of the general demurrer this court is bound by the recognized principle that the well-pleaded facts in the petition are to be taken as true, and every reasonable inference is to be drawn therefrom.

Bearing that principle in mind, we find the following facts are alleged in the petition: The original inheritance tax assessment of the estate did not extend to any real property; before his death the testator transferred certain real property to his wife in contemplation of death; and the transfers were without valuable or adequate consideration, being for only "one dollar and love and affection." We think that the allegations as made were sufficient statements of ultimate facts to withstand a general demurrer. The objection that the allegations in the petition are mere legal conclusions in lieu of indispensable allegations of fact cannot be sustained.

 Counsel for Mrs. Hadfield emphasize the alleged fact that the deeds in question were not executed within the year immediately preceding the death of the

grantor. In so far as the pleading is concerned, this is immaterial. Conveyances may be "in contemplation of death" within the meaning of the statute even though the transfer was completed by delivery more than one year before the grantor's death. Under the proviso above quoted from subsection C of section 7485, C. L. 1921, which as stated has since been amended, proof of a certain kind of transfer occurring not more than one year before the grantor died simply serves to raise a legal presumption that the conveyance was really in contemplation of death, and would dispense with the production of further evidence on that point. Earlier transfers may, however, be affirmatively shown in the usual way to have been made in contemplation of death. The state may establish, if it can, in connection with each transaction, that the transfer was completed not at the time of the original execution, but by delivery of the deed less than a year before Hadfield passed away, and it would thus entitle itself to the benefit of the legal presumption supplied by the proviso. A deed is not complete until it is delivered, and it is only from the delivery that the conveyance dates. Whether the time of delivery entitles the particular deed to the one-year presumption is a question of evidence, not of pleading.

The state has the right, of course, to prescribe the conditions upon which property shall descend to the surviving heirs or to chosen beneficiaries of the owner at his death. This includes the right to provide that a tax shall be payable not only if the property is disposed of by a testamentary act, but also if property is transferred in contemplation of the grantor's death. The validity of such legislation is no longer questioned. The statute of the General Assembly above quoted is couched in clear and unmistakable language that calls for no construction. Compare: *Waldron v. People,* 84 Colo. 1, 267 Pac. 191.

If the state's petition had contained nothing more than a statement that the property in question was not originally included for assessment of an inheritance

tax, and that the transfers were made in contemplation of Hadfield's death, it would have been sufficient as against the general demurrer.

■ In the petition for rehearing filed on behalf of Hadfield's widow, counsel argue that the state's petition is fatally defective because it includes the following allegation: "The plaintiff is informed and believes and upon such information and belief alleges the fact to be that at the time of the making of these deeds and on many occasions prior thereto the decedent expressed his sense of obligation to Margaret S. Hadfield for services she had rendered to him, and [that] this was the only reason for the making and executing of the said deeds by the decedent to Margaret S. Hadfield as aforesaid." There is no necessary conflict between this allegation and the fundamental allegation that the transfers were made in .contemplation of the death. The decedent's expression of his sense of obligation, especially in the absence of any statement of the value of any services rendered, as compared with the value of the property, cannot nullify the positive allegation that the conveyances were in contemplation of death, a concept carefully defined in the quoted statute. As against the latter well-pleaded allegation a general demurrer cannot prevail. If there is anything in the facts and circumstances justifying a finding that death was not so contemplated, the issue must be presented by interposing a proper answer to the petition. Thereafter the court's action must depend upon the sufficiency of such answer and upon the evidence presented if an issue is properly formed.

■ Counsel also argue that the petition must expressly allege the value of the property as of the time of decedent's death. We do not consider the allegation on this point insufficient as against a general demurrer.

■ We have considered all the arguments, both written and oral, in support of the demurrer. The petition adequately invoked the jurisdiction of the court. Prima facie it placed upon the court the duty to order the ap-

praising of the real property in question and the making of an additional assessment for inheritance tax purposes. The judgment must therefore be reversed, the case remanded, and the trial court directed to overrule the demurrer, the defendants in error, however, to have leave to answer as they may be advised.

The present opinion, which is in substance the same as the original one, is hereby substituted for the latter.

Judgment reversed with directions.

MR. JUSTICE BUTLER (who at the announcement of the original opinion was Chief Justice) and MR. JUSTICE HOLLAND concur.