## WEEKS v. DENVER TRAMWAY CORPORATION.
### No. 1911.

Circuit Court of Appeals, Tenth Circuit.
Dec. 21, 1939.

510

William A. Bryans, of Denver, Colo., for appellant.

Cecil M. Draper, of Denver, Colo. (W. A. Alexander and Gerald Hughes, both of Denver, Colo., on the brief), for appellee.

Before · L E W I S, PHILLIPS, and BRATTON, Circuit Judges.

BRATTON, Circuit Judge.

Emma Weeks brought this suit against the Denver Tramway Corporation to recover damages for personal injuries. The parties will be referred to as they appeared in the trial court. Plaintiff alleged in her complaint that she signaled the operator in charge of a streetcar of defendant traveling along a street in the City of Denver indicating her intention and desire to board such car and become a passenger on it; that the car was stopped in response to such signal; that it was equipped with a door or opening near the front which was designated as the place for entrance of passengers; that the door was provided for the use of passengers in boarding the car and was used for that purpose; that the car was also equipped with another door or opening about two-thirds of the distance to the rear which was designated as the place for exit of passengers and was used for that purpose; that after the car came to a standstill the operator opened the front door with a mechanical device; that thereupon plaintiff stepped on the lower step; that as she was proceeding up the steps leading to the platform, and while she was within about four feet of the operator and within full view of him, he negligently, carelessly and recklessly, and without any previous warning to plaintiff, permitted other passengers on the car to rush into the entrance approach and alight from it; that in doing so they rushed upon and brushed against plaintiff, and caused her to be thrown violently to the ground; and that she suffered permanent injuries. Defendant answered, interposing five separate defenses. The first was that the complaint failed to state a claim or cause of action upon which relief could be granted. The court sustained that defense; plaintiff declined to plead further; and judgment was entered for defendant.

The trial court having held the complaint insufficient, and plaintiff having elected not to plead further, it must be presumed that she had pleaded her cause in the manner most favorable to herself and that additional facts essential to the statement of a claim or cause of action for which relief could be granted do not exist. See Driskell v. Powell, 5 Cir., 67 F.2d 484; Nev-Cal Electric Securities Co. v. Imperial Irr. Dist., 9 Cir., 85 F.2d 886.

The challenge to the complaint admitted all facts well pleaded and the reasonable inferences to be drawn from them, but no more. It did not admit either inferences or conclusions of fact not supported by allegations of specific facts upon which the inferences or conclusions rest, or conclusions of law. International State Bank of Trinidad v. Trinidad Bean & Elevator Co., 79 Colo. 286, 245 P. 489; Armstrong v. Johnson Storage & Moving Co., 84 Colo. 142, 268 P. 978; Slusser v. First Nat. Bank of Denver, 93 Colo. 219, 25 P.2d 183; People v. Hadfield's Estate, 98 Colo. 206, 56 P.2d 25; Las Animas Consol. Canal Co. v. Hinderlider, 100 Colo. 508, 68 P.2d 564; Rishel v. Pacific Mut. Life Ins. Co. of California, 10 Cir., 78 F.2d 881; Blanchar v. City of Casper, 10 Cir., 81 F.2d 452.

It was not alleged in the complaint that the car was defective in construction, or that the steps were defective as to construction or operation, or that the car started abruptly or jerked. Neither was it alleged that there was a rule of the company or a uniform custom of long standing that the front opening should be used ex-

clusively for entrance of passengers and the rear for exit. The only allegations of material fact were that as plaintiff came up the steps at the entrance, and while near and in full view of the operator, other passengers rushed into the entrance opening and alighted there, without objection on the part of the operator or direction that they leave at the opening for exit purposes, and that such passengers brushed against or struck plaintiff and caused her to fall. The number of passengers was not alleged, and no facts were pleaded from which it could be inferred that the operator anticipated or should in the exercise of ordinary care have anticipated that such passengers would brush against or strike plaintiff. A street railway company is required to furnish its passengers a safe and convenient means of entrance to its cars. But it is not bound to protect one passenger against the rudeness, jostling, pushing, or similar bad-mannered conduct of other passengers not amounting to a breach of the peace, except in extraordinary circum-. stances which it could reasonably anticipate and by the exercise of proper care could prevent. Snyder v. Colorado Springs & C. C. D. Ry. Co., 36 Colo. 288, 85 P. 686, 8 L.R.A.,N.S., 781, 118 Am.St.Rep. 110; Ellinger v. Philadelphia, W. & B. R. Co., 153 Pa. 213, 25 A. 1132, 34 Am.St.Rep. 697; Graeff v. Philadelphia, & R. R. R. Co., 161 Pa. 230, 28 A. 1107, 23 L.R.A. 606, 41 Am.St.Rep. 885; Wood v. Philadelphia Rapid Transit Co., 260 Pa. 481, 104 A. 69, L.R.A.1918F, 817; Marr v. Boston & M. R. R., 208 Mass. 446, 94 N.E. 692; Eaton v. New York, N. H. & H. R. Co., 227 Mass. 113, 116 N.E. 815; Ritchie v. Boston Elevated Ry. Co., 238 Mass. 473, 131 N.E. 67; Dullea v. Boston Elevated R. Co., 251 Mass. 56, 146 N.E. 237; Thompson v. Monongahela R. Co., 99 W.Va. 207, 128 S. E. 110, 42 A.L.R. 159.

■■ Plaintiff lays emphasis upon the failure of the operator to exert any effort to stop the passengers, and his failure to direct them to leave the car at the opening designed for exit. In Wood v. Philadelphia Rapid Transit Co., supra, there were two sliding doors on the side of the car, one at each end. The word "Entrance" was or the words "Entrance Only" were above the rear door, and the word "Exit" was above the front door, but so far as the record disclosed passengers left the car at either end. The conductor was stationed near the rear platform. As the deceased

and others were entering at the rear door, a passenger carrying a piece of pipe alighted there. The pipe struck and injured the deceased. The court held that the presumption was that the alighting passenger would use due care, that the conductor could not reasonably anticipate danger, and that the carrier was not liable. A like presumption applied in this instance. It was to be presumed that in alighting from the car the passengers would exercise due care for the safety of plaintiff as she entered. The complaint contained no allegation of unusual or extraordinary facts or circumstances from which the operator should reasonably have anticipated that they would do otherwise. Plaintiff suffered unfortunate injuries, but defendant is not liable in damages for them.

The judgment is affirmed.