### SECURITY SAVINGS & COMMERCIAL BANK et al. v. SULLIVAN.

(Court of Appeals of District of Columbia. Submitted October 10, 1919. Decided November 3, 1919.)

No. 3249.

LANDLORD AND TENANT ⬡⟞167(5)—INJURY FROM DEFECTIVE SIDEWALK; OWNER LIABLE NOTWITHSTANDING LEASE.

The owner of a building is liable to a pedestrian, injured by defect in glass in sidewalk to light vault underneath, though all of basement and first floor are leased to one party.

Appeal from the Supreme Court of the District of Columbia.

Action by Gertrude Sullivan against the Security Savings & Commercial Bank and another. From a judgment on a verdict for plaintiff, the named defendant appeals. Affirmed.

R. J. Whitford, of Washington, D. C. (Darr, Whitford & Darr, of Washington, D. C., on the brief), for appellant.

T. H. Patterson and Crandal Mackey, both of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. This is an action brought by appellee, plaintiff below, to recover damages for injuries sustained from a fall occasioned by a defect in one of the sidewalks of the city of Washington.

It appears that defendant Security Savings & Commercial Bank is the owner of the property adjoining the point in the sidewalk where the accident occurred. For the accommodation and use of the property a vault had been extended from the basement of the building under the sidewalk. In order to furnish light for the vault, what is known as a Hyatt vault light was placed in the sidewalk immediately over the vault. One of the glass blocks in the framework became broken or misplaced, and plaintiff, while traveling along the sidewalk, caught the heel of her shoe in the hole, was thrown, and sustained the injuries complained of. From a verdict and judgment against the bank and the District of Columbia, the bank has appealed.

At the time of the accident, and for a short time prior thereto, the first floor and basement of the building had been leased to the Associated Drug Stores. Under the terms of the lease, the drug company agreed to furnish heat for the entire building, thereby assuming control of the heating plant in the basement. The vault under the side-

walk formed part of the furnace room. The balance of the building above the first floor was under the control of the bank, and rented by it, in part, to various tenants.

The appeal can be disposed of by consideration of the single assignment of error, to the effect that, the basement and first floor of the building being held under lease by the drug company, the tenant, and not the owner of the building, is liable. It is settled law that where the owner of premises, by lease, parts with the entire possession and control of the premises, and the tenant, either by express provision of the lease or by the silence of the lease on that subject, assumes liability for the keeping of the premises in proper repair, the tenant, and not the owner, will be liable in case of an accident due to negligence in allowing the premises, or any portion thereof, to get out of repair.

The defendant bank here retained control over a portion of the building, and we think the safe rule, and one which has been sustained by able authority, is that, where a property owner, for the benefit of his property, secures an easement from the city to construct a vault or extension of the basement under the sidewalk, with permission to place in the sidewalk basement doors, a coal hole, or, as in this instance, a contrivance for lighting the vault and basement, so long as he retains any control whatever over the premises, he should be required to see that the condition thus created is kept safe and in good repair.

This is not a suit between landlord and tenant, nor one arising from the negligence of the tenant within the portion of the premises occupied by it, but a suit involving a member of the public, who was injured upon a public sidewalk. In determining liability, it is proper to consider the obligation which the owner of the property assumed toward the public in extending his building under the sidewalk, and creating a condition in the walk which, if allowed to become defective, would jeopardize the safety of the public.

The vault in question is an easement that belongs to the land, and the obligation of the owner to keep it in safe condition and repair—

"goes with the land, and cannot be discharged by a partial alienation of the land, at least, unless the alienation, if for a fixed term, carries with it the exclusive possession of the premises for that term. Entire possession by a tenant from foundation to roof doubtless involves the duty of keeping a grate in front of the premises in repair, which otherwise rests on the owner of the fee. But whoever, even by due permission, cuts a hole in the sidewalk for the benefit of his adjoining property, must use reasonable care to protect the public from danger on account thereof. Reasonable care requires that he should provide a proper covering, inspect it from time to time, and repair it when necessary, as otherwise passers-by, for whose benefit the sidewalk is maintained, may be injured." Trustees of Canandaigua v. Foster, 156 N. Y. 354, 361, 50 N. E. 971, 972 (41 L. R. A. 554, 66 Am. St. Rep. 575).

But it is urged that by the terms of the lease the bank parted with all control over the basement and first floor of the building, and as the light in the sidewalk was placed there for the sole purpose of lighting the vault, which was connected with the basement, the rule of liability is the same as if the drug company had leased the entire build-

ing from basement to roof. It may be suggested, though of no importance in our view of the proper conclusion to be reached in this case, that there is nothing in the record to indicate that the bank could not have repaired the defect from the sidewalk without entering the demised premises; nor does it appear that defendant would have been a trespasser, had it, through its agents, entered the basement to repair the light, if such entry was necessary. The owner could not relieve itself of its duty to the public to keep the light in the sidewalk in repair so long as it continued to exercise control over any portion of the premises. As was said in Trustees v. Foster, supra, 156 N. Y. 362, 50 N. E. 973:

"The argument that the defendant had no right of access to repair the grate, except by consent of the tenant, is without force, for the law imposing the duty was a part of the lease, and impliedly excepted from its provisions such necessary access at reasonable times as would enable the owner to discharge that duty. The lease covered the grate by implication only, the same as it embraced the rights of the owner in the entire sidewalk in front of his premises. That would not prevent him from rebuilding or repairing the sidewalk proper, when required by municipal ordinance, nor does it prevent him from rebuilding or repairing the grate when required by the common law."

The rule announced in Trustees v. Foster, supra, is expressly approved in City of Seattle v. Puget Sound Improvement Co., 47 Wash. 22, 91 Pac. 255, 12 L. R. A. (N. S.) 949, 125 Am. St. Rep. 884, 14 Ann. Cas. 1045. We are aware that in West Chicago Masonic Association v. Cohn, 192 Ill. 210, 61 N. E. 439, 55 L. R. A. 235, 85 Am. St. Rep. 327, a case in every respect like the New York case and the one here under consideration, the Illinois Supreme Court held the tenant only liable. But we think the court in that case went too far in applying to the facts before it the general rule that, where a tenant has the entire control of the structure which causes the injury and is required to keep the same in repair, he, and not the owner, is liable. The rule undoubtedly applies where the entire property is demised, and the tenant, being required to keep the premises in repair, allows a portion thereof to become defective, resulting in injury to a third party. It would also apply where a tenant leases a portion of a building and the accident occurs through the negligence of the tenant in keeping the portion exclusively demised to him in repair.

But the owner is not relieved where he retains control of a portion of the premises, as in this case, from responsibility for making general repairs—that is, for keeping in repair portions of the premises essential to the common use and enjoyment thereof. For example, it has been held that, where the second floor of a building is leased to different tenants, the owner is liable for defects in the stairway leading thereto. Sawyer v. McGillicuddy, 81 Me. 318, 17 Atl. 124, 3 L. R. A. 458, 10 Am. St. Rep. 260. In Milford v. Holbrook, 9 Allen (Mass.) 17, 85 Am. Dec. 735, an awning made for and attached to a block containing three stores was held to be for the common use of all the tenants, and the owner was liable for defects therein. In Shipley v. Fifty Associates, 101 Mass. 251, 3 Am. Rep. 346, the whole building was leased to different tenants, but the owner was held lia-

ble for defects in the roof. Thus the rule seems to be that, where the owner keeps control of a portion of the premises or rents the entire building to different tenants, he is still liable for general repairs.

Readman v. Conway, 126 Mass. 374, is closely analogous to the case at bar. A platform extended in front of three tenements leased to different persons. It was constructed for the benefit and use of all. In the opinion the court said:

"Neither tenant acquired any exclusive right to use or control the part * * * in front of his shop, and there was no such leasing of the platform as would exonerate the landlords from responsibility for defects in it.".

In the present case the defect is not in the basement, or the vault under the sidewalk, but in the sidewalk, which is used in common by the public and all persons entering and leaving the premises of defendant bank. While incidentally it furnished light to the vault, it, in fact, is a part of the sidewalk, which, by virtue of its permit from the city, the bank has obligated itself to keep in repair. It is an appurtenance belonging to the premises for the use in common of the general public and all persons connected with or occupying the building, which the owner is required to maintain in safe condition as long as it retains control of a portion thereof. This obligation can only be divested by a conveyance of the entire premises. If conveyed by lease, unless the owner expressly covenants to keep the premises in repair, the duty in that respect shifts from the owner to the tenant.

The case was disposed of by the court below without error, and the remaining assignments are not of sufficient importance to require consideration.

The judgment is affirmed, with costs.

Affirmed.