## NORFOLK & W. RY. CO. v. AMICON FRUIT CO.

(Circuit Court of Appeals, Fourth Circuit. November 9, 1920.)

No. 1815.

1. **Waters and water courses ⊂⊃172—Owner of pipe line held liable for damages from leakage, though without negligence.**

   Though a pipe line, built by a railroad company on its right of way in its private capacity and without legislative authority, was built in the best manner and at all times maintained with due care, where, to the company's knowledge, it often leaked to such an extent as to materially damage an adjoining owner, it was liable for the damages.

2. **Waters and water courses ⊂⊃179(6)—Though part of damage was from surface water, extent of injury from pipe line held question for jury.**

   Where water from defendant's pipe line escaped into plaintiff's basement and caused damage, though some portion of the damage was caused by surface water, it was for the jury to say how much plaintiff was injured by the water from the pipe line.

3. **Damages ⊂⊃62(3)—Party injured by water from pipe line not bound to minimize damages by construction of drain.**

   Where, to defendant's knowledge, waters from its pipe line escaped into plaintiff's basement and caused damage, plaintiff was not bound to

---

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

minimize the damages by constructing a drain from its basement to a public sewer at a cost of $250, especially where defendant repeatedly promised to prevent further damage and pay for that w<sup>⠀</sup>ch had been inflicted.

In Error to the District Court of the United States for the Southern District of West Virginia, at Bluefield; Benjamin F. Keller, Judge.

Action by the Amicon Fruit Company against the Norfolk & Western Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

A. W. Reynolds, of Princeton, W. Va. (Albert W. Reynolds, Jr., of Princeton, W. Va., and F. M. Rivinus, of Philadelphia, Pa., on the brief), for plaintiff in error.

D. E. French, of Bluefield, W. Va. (French & Easley, of Bluefield, W. Va., on the brief), for defendant in error.

Before KNAPP and WOODS, Circuit Judges, and SMITH, District Judge.

KNAPP, Circuit Judge. The business district of the city of Bluefield, W. Va., is located in a narrow valley, running in an easterly and westerly direction, through which extends the right of way of plaintiff in error, hereinafter referred to as defendant. Bluefield is a divisional point of the railway company, where it maintains extensive yards and repair shops. To provide an adequate supply of water for its operations at that point, defendant about ten years ago constructed a pipe line some 4 miles in length through which water is pumped from the Bluestone river. This pipe line is 16 inches in diameter, made of cast iron, of the bell and spigot type, with oakum and lead joints; it is laid on defendant's lands alongside its railway tracks, and approximately 3½ feet below the surface.

The Amicon Fruit Company, herein called plaintiff, is the owner of a building, erected in 1909, upon a lot abutting defendant's right of way, which it uses in its business of a wholesale dealer in fruits and vegetables, and in which its stock of goods is carried. It is a substantial structure, built for the uses to which it is devoted, and having in the basement a specially prepared storage room. Immediately in front, and extending along the fronts of a number of wholesale houses, is a side track for handling the carload traffic shipped to and by the plaintiff and other dealers. Beyond this siding are the main line tracks of the railway.

The suit is brought to recover damages, alleged to aggregate $20,-000, which plaintiff claims to have suffered by reason of water in large quantities getting into its basement from leaks in defendant's pipe line. This injury is said to have begun in 1910, soon after the pipe line was constructed, and to have happened frequently thereafter, resulting in great damage to plaintiff's stock of fruits and preventing the use of its expensive storage room. In its bill of particulars for the five years preceding the commencement of the action—prior injuries being barred by the statute of limitations—the items amount

to $13,403.14, of which $9,000 is for loss of the rental value of the storage room. The jury rendered a verdict for $7,000, and defendant brings the case here on writ of error.

[1] On the question of defendant's liability, which is the principal question here, the opposing claims of the parties will appear by comparing the instruction given to the jury at plaintiff's instance with the instructions asked for by defendant which were refused altogether or so modified as to reject its contention. For plaintiff, this was charged:

"The court instructs the jury that if you believe from the evidence in this case that water escaped from the pipe line of the defendant and flowed into the basement of the plaintiff, during the five years next preceding the time of the institution of this suit, and that it was in such quantity as to damage the plaintiff, and did cause it damage, then you will find for the plaintiff such damages as you believe from the evidence in this case it is entitled to."

The rejected requests of defendant, putting its contention in various forms which need not be reproduced, all embody the proposition that it cannot be held liable if the pipe line was properly constructed and proper diligence used in its inspection, maintenance, and repair, and that this was the case will for present purposes be assumed. The issue is thus clearly defined.

At the outset it may be observed, as is understood to be conceded, that the defendant quoad this pipe line has the status and liability of a private individual. Moreover, the injuries complained of were not caused by a mere accident, which could not reasonably have been foreseen; they were rather the result of a continuing condition, or at least an incident of frequent occurrence for a series of years, of which the defendant was all along fully aware. Granted that the pipe line was built in the best manner and maintained at all times with due care, so that defendant was not negligent in those respects; nevertheless the fact is, as the jury were warranted in finding, that quite often it did leak, as defendant well knew, and to such an extent as to materially damage the plaintiff.

This being so, we are of opinion that defendant cannot escape liability by showing that its pipe line was well built and carefully maintained, and the rulings in question are therefore correct. The governing principal in such case is stated by contrast in Sutton v. Clark, 6 Taun. 28, quoted with approval in Transportation Co. v. Chicago, 99 U. S. 635, 644 (25 L. Ed. 336) as follows:

"This case * * * is totally unlike that of the individual who for his own benefit makes an improvement on his own land according to his best skill and diligence, not foreseeing it will produce injury to his neighbor; if he thereby, though unwittingly, injure his neighbor, he is liable."

The case thus described seems precisely the case here. Defendant built this pipe line on its own land and for its own benefit, acting thereby in a private capacity and without legislative authority. However skillfully the work was done and whatever the diligence since exercised, it must be held responsible, not perhaps for a purely accidental occurrence, but for those injuries to an adjoining owner which

actually and repeatedly and as it were inevitably resulted, despite the care with which the pipe line was maintained and used. This is the doctrine of Rylands v. Fletcher, L. R. 1 Exch. 265, long regarded as a leading case, and of the following, among many, authorities: Brennan Construction Co. v. Cumberland, 29 App. D. C. 554, 15 L. R. A. (N. S.) 535; Pumpelly v. Green Bay Co., 80 U. S. (13 Wall.) 166, 20 L. Ed. 557; Transportation Co. v. Chicago, supra; B. & P. R. Co. v. Fifth Baptist Church, 108 U. S. 317, 2 Sup. Ct. 719, 27 L. Ed. 739; Costigan v. Penn. R. Co., 54 N. J. Law, 233, 23 Atl. 810; Weaver Mercantile Co. v. Thurmond, 68 W. Va. 530, 70 S. E. 126, 33 L. R. A. (N. S.) 1061; T. & P. Ry. Co. v. O'Mahoney, 24 Tex. Civ. App. 631, 60 S. W. 902; Wood on Nuisances (2d Ed.) § 116.

The case of Jennings v. Davis, 187 Fed. 703, 109 C. C. A. 451, apparently relied on by defendant, is clearly distinguishable. That was the case of an accident, the blowing out of a gasket from a pipe joint, claimed to have been caused by the negligence of defendant in respect of that particular appliance; and this court said:

"The record does not present the question discussed and decided in Rylands v. Fletcher, L. R. 3 H. L. 330, as modified by Nichols v. Marsland, L. R. 10 Exch. 255, because no damage resulted from the fact that the oil escaped and ran upon the plaintiff's premises. The action is not for damage sustained by the trespass, but for the injury which resulted from the ignition of the oil on the premises. * * * Liability is therefore dependent upon the existence of negligence, which may arise either by defective construction of the pipe and connections or failure to make a proper inspection."

The distinction is manifest. We are not here dealing with an accident, an unexpected and unlikely happening, but with the continuous or frequently recurring results of what may be called the normal operation of this pipe line, though properly constructed and carefully maintained. It is not a question of negligence, in the ordinary sense of that term. Defendant in effect says that it cannot keep its pipe line from leaking and therefore is not liable for the consequences. In our judgment the position is plainly untenable.

[2] The remaining contentions of defendant, based on other instructions asked for and rejected, need but a word of comment. Without reviewing the testimony, we hold that enough was shown by plaintiff to take the case to the jury, and the court was clearly right in refusing to direct a verdict for defendant. Even if it be true that some portion of the damage was caused by the inflowing of surface water, it was still for the jury to say how much the plaintiff was injured by water from the pipe line. Upon this point it is enough to quote the following from C. & N. W. Ry. Co. v. Hoag, 90 Ill. 339, 346:

"The evidence justified the belief that the water came mainly from the tank, and the plaintiff was entitled to recover for all damages from that source; and if the jury could not separate and distinguish between the several amounts of the damage caused by the water from the tank and the surface water respectively, they should have been left at liberty to estimate as best they might, from the evidence, how much of the whole damage was occasioned by the water from the tank."

[3] It further contended that the judgment should not stand because plaintiff, at a cost of some $250, could have constructed a drain

from its basement to a public sewer in an adjacent street, and thereby avoided in the main the injury of which complaint is made. We are not prepared to hold that plaintiff was bound to take this means, or any similar means, of protecting its property. The rule of minimizing damages. when one is suffering from the wrongful acts of another, does not to us seem applicable to the situation here disclosed, which rather is like that dealt with in Pixley v. Clark, 35 N. Y. 520, 91 Am. Dec. 72, where the court says:

"The defendants also insist that the injury might be remedied by the plaintiff at small cost by digging a drain along the embankment. If this were true, he is not bound to do it. As the defendants caused the damage without authority, and for their own benefit, they should find the remedy at their own expense."

Moreover, as the jury might have found from the testimony, the plaintiff was absolved from any duty to construct such a drain, or to otherwise safeguard its premises, by repeated promises of defendant that it would itself prevent further damage and also pay for that which had been inflicted. The contention cannot be sustained.

We have examined the other questions raised by defendant, but find none of sufficient merit to require discussion. The case appears to be a close one on the facts, but the record shows no error which calls for reversal.

Affirmed.