## PRICE v. POCAHONTAS FUEL CO.
### No. 3077.

Circuit Court of Appeals, Fourth Circuit.
April 13, 1931.

H. F. Porterfield, of Bluefield, W. Va. (I. C. Herndon and Ira J. Partlow, both of Welch, W. Va., and Russell S. Ritz, of Bluefield, W. Va., on the brief), for appellant.

Thomas H. S. Curd, of Welch, W. Va. (Strother, Sale, Curd & St. Clair and J. M. Crockett, all of Welch, W. Va., on the brief), for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and WEBB, District Judge.

NORTHCOTT, Circuit Judge.

This is an action at law brought by appellant, who will be here referred to as plaintiff, a resident and citizen of the state of West Virginia, against the appellee, a Virginia corporation, which will be here referred to as defendant, in the circuit court of McDowell County, W. Va. The cause was removed to the District Court of the United States for the Southern District of West Virginia, and tried at the June, 1930, term of said court. The basis of the action was the alleged negligence of the defendant company, through its servants or agents, in constructing and maintaining an outdoor toilet on the premises owned by defendant and occupied by plaintiff's husband, as tenant. On the trial, the learned judge below directed a verdict for the defendant, and judgment was entered upon the directed verdict, from which judgment this appeal is brought.

The plaintiff and her husband had lived in certain property owned by the defendant company in McDowell county from the year 1925 until the day of the trial of this cause. Plaintiff's husband was in the employ of the defendant company during this time, and paid for the use of the property, a dwelling house, rental. For the convenience of Price and his family, in the occupation of their dwelling house at the time they moved on the premises, there was provided a small outbuilding, situated in an alley adjoining the yard connected with the dwelling house. About two months after moving into the property, the plaintiff and her husband requested a carpenter, an outside foreman of the defendant company, to move the outbuilding inside the premises occupied by them. A pit was dug the same size of the outbuilding, and a wooden box was sunk into the pit, and the outhouse set, without being fastened thereto, on top of the box. The outbuilding was located on an elevation of about 7½ feet higher than the ground between it and the dwelling.

Shortly after the toilet was removed, plaintiff's husband attached two clotheslines to it; one 70 feet long was stretched in the rear of the premises, and the other about 50 feet long extended toward the house. At the time of the removal of the outbuilding, the plaintiff did not know whether or not it was fastened to the frame or foundation in any manner. In April, 1929, the plaintiff was hanging out clothes on the two lines attached to the outbuilding. She had hung clothes on both lines, and at the time the accident happened was hanging the clothes on the line 53 feet long, and, as she neared the outbuilding hanging the clothes, it fell over on her and injured her. There was a wind blowing at the time.

The only question involved is whether the landlord was liable for not having attached the outbuilding to the foundation.

"The general doctrine of the law is that on the demise of a house or lands there is no covenant or warranty implied that the premises shall be fit and suitable for the use for which the lessee requires them whether for habitation, occupation or cultivation. * * * The tenant hires at his peril and a rule similar to that of caveat emptor applies and throws upon the lessee the responsibility of examining as to the existence of defects in the premises and of providing against their ill effects." 16 R. C. L. 772.

"In the absence of warranty, deceit or fraud on the part of a landlord, the rule of caveat emptor applies to leases of real estate, the control of which passes to the tenant, and it is the duty of the tenant to make examination of the demised premises to determine their safety and adaptability to the purposes for which they are hired." 16 R. C. L. 775.

There have been a large number of decisions on the question of the liability of a landlord to the tenant, or the members of his family, for injuries due to the defects in the premises, or buildings located thereon. A careful study of these decisions leads us to the conclusion that the landlord is not liable where the buildings or appurtenances to the buildings are used by the tenant or the members of his family for purposes other than that for which they were constructed. The case most similar to the instant case is that of Keesey v. O'Reilly, 181 App. Div. 665, 168 N. Y. S. 844, where the landlord was held not liable for injury to a tenant due to the falling of a defective chimney while the tenant was on the roof hanging out clothes, and in that case, the court held that, if the jury would have been warranted in finding that the defendant knew or ought to have known that some of the tenants were using the roof for drying clothes, the only legal inference properly to be drawn from these facts was that the defendant acquiesced in and permitted such use of the roof, thus imposing upon him a duty to exercise only such care as is owing to a bare licensee.

For a general discussion of the liability of a landlord to one injured while using, for a purpose which was not intended, property leased, see note on page 1390 of 30 A. L. R., where a discussion of a number of the cases decided on this point will be found.

In Gavin v. O'Connor (Err. & App.) 99 N. J. Law, 162, 122 A. 842, 30 A. L. R. 1383, the landlord was held not liable for the death of a child due to the fall of a clothes pole in the back yard of premises, leased by him to the parents of the injured child, where the pole fell because another child in his play was riding on the clothesline. The landlord has also been held not liable for injuries arising out of the use of a fire escape for the hanging of clothes, or as a playground, or for some purpose other than that of escape in case of fire. Mayer v. Laux, 18 Misc. Rep. 671, 43 N. Y. S. 743; McAlpin v. Powell, 70 N. Y. 126, 26 Am. Rep. 555.

Here the plaintiff had at least the same opportunity, and perhaps a better opportunity, to observe the manner in which the outbuilding was placed upon its foundation by the employee of the defendant company as employees of the defendant. She was not using the outbuilding for the purpose for which it was erected, and she was unquestionably guilty of negligence in filling the two clotheslines full of wet clothes, having considerable weight, while the wind was blowing, and her negligence in this respect was undoubtedly the direct and immediate cause of her injury.

The court properly directed the verdict for the defendant, and the judgment is affirmed.