## NORFOLK SOUTHERN RY. CO. v. SWINDELL.
### No. 5118.
Circuit Court of Appeals, Fourth Circuit.
Nov. 8, 1943.

[3] Restatement, Law of Trusts, § 117.

J. Kenyon Wilson, of Elizabeth City, N. C., for appellant.

John H. Hall, of Elizabeth City, N. C., for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal in a railroad crossing collision case in which there was verdict and judgment for plaintiff; and the only question presented by the appeal is the sufficiency of the evidence to take the case to the jury against defendant's motion for a directed verdict.

The collision occurred around eight o'clock of a dark, foggy night in February near Elizabeth City, North Carolina, where the highway between Elizabeth City and Hertford crosses a little used spur track of the defendant. According to plaintiff's testimony he approached the crossing, with which he was familiar, driving his automobile carefully and at a rate of speed not exceeding twenty-five miles per hour, when he ran into a train of cars standing still and completely blocking the crossing. There is a curve in the highway approaching the crossing, but the evidence is that the crossing is ordinarily visible for a distance of 100 feet or more. Plaintiff testified that because of the darkness and the fog, and because the railway car blocking the crossing was of a dull color, he did not see it until within a distance of twenty feet, when the collision was unavoidable. There was evidence on the part of defendant that the cars were being moved across the crossing in a shifting operation; that upon approaching the crossing they were stopped and a trainman was sent ahead with a lantern to give warning; and that the movement had been resumed and the cars were in motion at the time of the collision. On motion for directed verdict, plaintiff's version of the occurrence must be accepted, but there is nothing in his version to justify an inference that the cars had been stopped upon the crossing for an unreasonable length of time, or for one not properly incident to the shifting operation which was in progress.

Viewing the evidence in the light most favorable to plaintiff, we think that the motion for directed verdict should have been granted on the ground that no actionable negligence was shown. There was nothing in the evidence to warrant a finding of negligence from failure to maintain gates, electric signals or a watchman at this little used crossing; and there was nothing to show that the cars had been stopped upon the crossing for such a length of time as to constitute negligence. Goldstein v. Atlantic C. L. R. Co., 203 N.C. 166, 165 S.E. 337; Weston v. Southern R. Co., 194 N.C. 210, 139 S.E. 237, as construed in Williams v. Frederickson Motor Express Lines, 198 N.C. 193, 151 S.E. 197, 198. Assuming that it would be the duty of the railroad company, in view of the atmospheric conditions, to take precautions to guard travelers on the highway against the danger presented by the blocking of the crossing if it were to be blocked for any considerable period, it does not appear that there was negligence in this particular, since there is no showing that the cars had been stopped long enough for the trainmen to take these precautions. As said by Judge Sibley in Driskell v. Powell, 5 Cir., 67 F.2d 484, 485, a very similar case: "The fog at last is relied on to raise a special duty on this occasion to give some special warning or to relieve the obstruction by uncoupling the train. If a jury could find that the situation on this night required extraordinary precautions, there are no facts alleged to show that there had been time to take them. * * * For all that appears, it may be that the train had just stopped for some necessary purpose, and that the blocking of the crossing had not existed for an unreasonable time, and

that sufficient time had not elapsed since the train stopped for the crew to discover and guard against the extraordinary local conditions complained of." For a general discussion of the principles involved, with supporting authorities, see notes, 15 A.L.R. 901, 56 A.L.R. 1114, and 99 A.L.R. 1454.

We are governed, of course, by the North Carolina decisions in cases of this character (Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487); and these decisions unquestionably deny recovery to one who drives into cars standing on a crossing under such circumstances as were shown to exist here. Whether the ground of decision be lack of negligence on the part of the railroad or contributory negligence on the part of the driver of the car, the fact situations in the North Carolina cases in which recovery has been denied as matter of law cannot be distinguished from that in the case at bar. See Weston v. Southern R. Co., 194 N.C. 210, 139 S.E. 237; Blackwell v. Hawkins, 207 N.C. 874, 178 S.E. 554; Goldstein v. Atlantic C. L. R. Co., 203 N.C. 166, 165 S.E. 337; Rose v. Atlantic C. L. R. Co., 210 N.C. 834, 187 S.E. 857; Lee v. Atlantic C. L. R. Co., 212 N.C. 340, 193 S.E. 395.

For the reasons stated, the judgment must be reversed.

Reversed.