GRAHAM *v.* WESTERN MARYLAND DAIRY,
INC., ET AL.

[No. 167, October Term, 1950.]

*Decided June 15, 1951.*

The cause was argued before MARBURY, C. J., and COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*W. Graham Boyce, Jr.,* for the appellant.

*J. Gilbert Prendergast* and *Phillips L. Goldsborough III*, with whom were *Clark, Thomsen & Smith* on the brief, for the appellees.

COLLINS, J., delivered the opinion of the Court.

This is an appeal from a judgment entered on a verdict by a jury in favor of the defendants, appellees. Suit was entered for injury to the infant plaintiff, three years and three months of age, and for injury to his tricycle.

On June 6th, 1949, Normand E. Fetsch drove a Western Maryland Dairy truck in an alley, claimed by the plaintiff to be a public one, between Winston Road, the northernmost street in Northwood, a suburb of northeast Baltimore, and Stonewood Road, at about 9 A.M., the weather being clear and the street being dry. Fetsch testified that he had been delivering milk in that alley for two years and had seen the infant plaintiff at an earlier stop in that alley that morning. The mother knew that the child was playing in the alley at that time. Fetsch stopped his truck on the right side and got out and delivered milk to three of the houses on the righthand side of the alley and returned to the truck intending to move it further down the alley. He approached the truck on its righthand side toward its front and said that he did not see anything in front of the truck at that time. He got in the truck on the right side and looked in his rear view mirror and saw nothing. He looked in the left mirror and saw nothing. He then looked forward and seeing nothing started the truck in motion. He then "seen the flash going forward toward the front of my truck down the alley and instinct will tell you to stop." He stopped the truck, it having moved not more than "five or six or eight feet" from the place where he originally started. He said: "As I started to pull away, I was reaching down for the emergency and as I reached down to the emergency to pull away, I seen the boy on a tricycle coming from the left to the front of the truck as if he was racing me, or just what he was doing at

that time, you know how children are, and right away I stopped the truck." He said he could not see exactly what part of his truck hit the boy, but he would say it was the left front fender. He had not moved the truck more than five, six or eight feet. He got out of the truck and found the tricycle lying underneath the left center of the front of the truck. He picked up the child who was scrambling around near the right front step of the truck and carried him to the home of his parents, stating to the mother that he did not see the child. The mother said it was the custom of children to play in that alley and there were three children in the alley at the time of the accident. Mrs. Sann, a neighbor, testified that she had seen the boy up against her fence "in front of the truck that was coming down the alley". It is not clear whether she was referring to the motion of the truck at the time of the accident or at some previous stop.

In the charge to the jury, the court among other things said: "So you may consider whether, in your opinion, Mrs. Graham was guilty of contributory negligence in permitting an infant of three years and three months to be alone in the alley with the tricycle under the circumstances that you have heard in this case, without it being in the care and custody of some older person." At the end of the charge the attorney for the plaintiff said: "I except to the charge as to the contributory negligence of the mother, and as to the sign." This Court said in the case of *Seiland v. Gallo*, 194 Md. 282, 71 Atl. 2d 45, at page 46: "Under the provisions of Rule 6(c) and (d) of the General Rules of Practice and Procedure, Part Three, Section III, the exception must state distinctly the portion of the charge to which the objection is made and the specific grounds of the objection. (Citing cases). On appeal we can only consider the particular portions of the instructions objected to, before the jury retired, when the specific grounds of such objection are distinctly stated." From the wording of this objection, we can only assume that the ob-

jection was to the fact that the trial judge had said anything at all about contributory negligence, because appellant claims that no negligence could be imputed to the child. In *Cumberland v. Lottig*, 95 Md. 42, 51 A. 841, a boy, six years of age, was carried by his mother to the roof of their house at night to look into an adjoining theater. This six year old boy, the plaintiff, was brought within reach of an electric wire which ran across the roof which he touched at an exposed point and he was severely burned. In that case, in holding that the mother was guilty of contributory negligence as a matter of law, this Court said at page 48: "The evidence of the infant plaintiff's mother showing, as we have said, that she recklessly and carelessly took him into a place of danger, there can be no recovery; because if he was too young to know of the dangerous character of the wire his mother's negligence must be imputed to him, and if he was old enough to know better than to take hold of the wire, his own negligence would be fatal to his case." In *Caroline County v. Beulah*, 153 Md. 221, 138 A. 25, a child, six months old, sued for injuries received by it, while in an automobile driven by its father. In that case, Chief Judge Bond said at page 227: "The one principle to be applied * * * is that if the custodian is guilty of a failure to exercise ordinary care which contributes to bring about the child's injury, that lack of care prevents recovery on the child's behalf." In *York Ice Machinery Corp. v. Sachs*, 167 Md. 113, 173 A. 240, an action was brought for injuries to a six year old child injured by an automobile. It was said in that case at pages 123 and 124: "In nearly all of the cases coming to this court in which children have been injured, the question of the parents' fault has been submitted to the jury, but an examination of this record does not show that it was raised below, and if not, it cannot be considered here * * *. If the child be so young as not to be able to take care of itself, then parental neglect, resulting in injury, may be imputed to the child. *United Railways & Elec. Co. v. Carneal*, 110 Md. 211; *Caroline*

*County v. Beulah,* 153 Md. 221, 138 A. 25." In the instant case, this mother knew that the garbage men and the milkmen drove trucks in this alley. She admitted that she permitted her child to play there with other children and that she knew the child was in the alley at the time of this accident. She also admitted that she had a back yard, which was fenced, where the child could have played. We are of opinion that appellant is not justified in complaining because the question of contributory negligence was submitted to the jury.

As to the objection made to the charge "as to the sign", it appears from the evidence that there was no sign at the entrance to the alley at the place where the driver entered it that morning. There were various signs around the neighborhood, such as "Slow, Children" or "Children At Play" or "Caution, Children At Play". Fetsch testified, without contradiction, that there were no signs in the alley at or near the place where the child was struck. Fetsch further testified that they had signs saying "Children" all over Northwood and they had a "Slow" sign in that alley. As to these signs, the court instructed the jury as follows: "Now, there has been some testimony in this case with respect to the signs reading, in effect, 'Caution, Children at Play.' I don't think the testimony is sufficiently clear to permit you to consider those signs in connection with this accident, because it is not clear, to the Court at least, that signs of that nature were at or about the place where the accident happened. On the other hand, a sign of that nature, which we see fairly frequently, mostly in driveways of private residences in the suburbs or in the country, a sign of that nature does not impose any higher degree of care or duty on the part of a driver of a vehicle than the law ordinarily applies to him. In other words, it was the duty of Mr. Fetsch, the driver of this truck, to use ordinary care and caution under the circumstances as he found them existing in that alley at or about the time of the happening of the accident." The sign had no relation to the accident and the driver admitted that

he had seen the child in the alley that morning. The jury having been instructed by the court that Fetsch was required to use ordinary care and caution under the circumstances as he found them existing in the alley at or about the time of the happening of this accident, we find no error in this part of the instruction.

Appellant finally claims that the court refused to allow him extensive cross-examination of a hostile witness, Mrs. Sann, called by him. There is nothing in the record in this case to substantiate appellant's contention. It appears from the record that every question asked Mrs. Sann by appellant, was permitted to be answered by the trial court, and objections taken to those questions by the appellees were overruled. If the trial judge allowed all the questions asked by the appellant to be answered, which the record shows, we cannot see the force of this contention.

As the jury found a verdict for the defendants, the appellees, it is not necessary that we pass upon the question whether a verdict should have been directed for the appellees. Finding no error the judgment will be affirmed.

*Judgment affirmed, with costs.*