**GREENE et al. v. HATHAWAY.**

No. 10865.

United States Court of Appeals
District of Columbia Circuit.

Argued April 18, 1951.

Decided June 29, 1951.

---

Carl W. Berueffy, Washington, D. C., with whom Hyman Smollar, Washington, D. C., was on the brief, for appellants.

Richard W. Galiher, Washington, D. C., for appellee.

Before EDGERTON, CLARK, and BAZELON, Circuit Judges.

EDGERTON, Circuit Judge.

Appellant Ceicley, then a four-year old girl, sued appellee Hathaway for personal injuries. Her complaint alleged that she was a passenger in an automobile owned by appellee and operated with his consent; that it was negligently maintained and operated; and that as a result of this negligence she was thrown out and injured.

In his opening statement to the jury appellants' counsel said he would prove the following facts. Appellant was riding in the back seat of a cab that belonged to appellee. Appellee had rented it to Keith H. Greene and had agreed to keep it in repair. Greene was appellant's stepfather but was not supporting her. He was driving the cab at the time of the accident. A 14-year old girl was riding in the back seat with appellant. "For no apparent reason the door of the cab, the left rear door, came open, and Ceicley, the child, was thrown out. * * * Our evidence will show that no person in that cab touched or did anything to that door which could normally be expected to cause it to open."

When counsel finished his statement the court directed a verdict for the defendant. We think this was error. "To warrant the court in directing a verdict" for a defendant on a plaintiff's opening statement "it must clearly appear, after resolving all doubts in plaintiff's favor, that no cause of action exists." Best v. District of Columbia, 291 U.S. 411, 415–416, 54 S.Ct. 487, 489, 78 L.Ed. 882. This does not appear here. If the facts that counsel said he would prove were proved, a jury might reasonably think the accident was probably caused either by negligence of Greene or of appellee in maintaining the door in a defective condition, or else by negligence of Greene in failing to see that the door was closed when the trip began. Since appellee owned the cab and rented it to Greene he was legally responsible for Greene's negligence [1] as well as his own. It was therefore unnecessary for appellant to prove which man or what negligence caused the accident. Washington Loan & Trust Co. v. Hickey is directly in point. We said: "The question in this case is whether a reasonable jury might think it substantially more probable than improbable that the falling of the ventilator was caused by neglect * * *. If the accident was not due to the ventilator's being left in a dangerous position it was almost certainly due to negligent conduct on the part of appellant's charwoman * * *." 78 U.S.App.D.C. 59, 60–61, 137 F.2d 677, 678–679.

Reversed.

[1] "Whenever any motor vehicle * * * shall be operated * * * by any person * * * with the consent of the owner * * * the operator thereof shall, in case of accident, be deemed to be the agent of the owner * * *." D.C. Code (1940) § 40–403, 49 Stat. 168.