### POMEROY
### v.
### PENNSYLVANIA R. CO.
Civ. A. No. 3452-51.

United States District Court
District of Columbia.
Jan. 8, 1954.

**894**

Hyman Smollar, Washington, D. C., for plaintiff.

James C. McKay, James H. McGlothlin, Washington, D. C., for defendant.

KEECH, District Judge.

This is an action growing out of the mysterious departure from one of the defendant's trains of a passenger thereon, Mrs. Pomeroy, whose body was later found near the railroad track outside the Washington Terminal Yard in the District of Columbia, at the foot of a signal bridge between the Montana Avenue underpass and Union Station. When last seen by anyone prior to her death, Mrs. Pomeroy stated to her husband that she felt hot or faint and left him to go to the end of the car to get some air. This action was brought by her husband under the wrongful death statute.

In the pre-trial order plaintiff alleged various acts of negligence on the part of defendant railroad and stated that plaintiff would also rely on the doctrine of res ipsa loquitur. However, in his opening statement, counsel for the plaintiff abandoned all claims of specific negligence and sought to rely entirely on the doctrine of res ipsa loquitur. At the conclusion of the plaintiff's opening statement, counsel for the defendant moved for a directed verdict.

The plaintiff relies for recovery on the fact that the vestibule door of the car in which decedent had been riding was found open some time after the accident occurred. There was no allegation as to how the door happened to be open, by whom it was opened, or the length of time it had been open. There was no disclaimer that the door could have been opened by some third party or by the decedent herself, although it was stated that she was a rather frail woman, sixty-nine years old, and there was no claim that the door had been opened by an agent of the company. There was no charge of any defect in the door of the car, nor any claim of negligent operation of the train. The train consisted of eighteen cars, with constant access by the many passengers to the vestibules between the car on which decedent was traveling and the other cars. It is common knowledge that the dutch-type doors on train vestibules are not kept locked, for safety reasons, and can be opened by any person of ordinary strength.

Under this set of facts, assuming that the jury should have found all the facts stated by plaintiff's counsel in his opening statement to be true and gathered all reasonable inferences therefrom, it would have been required to speculate as to whether the accident resulted from some cause within the railroad's control or from the act of some third person or the decedent herself.

In view of the fact that the vestibule door was not under the exclusive control of the defendant railroad and there was no offer to prove that the factors outside defendant's control did not bring about the accident, the doctrine of res ipsa loquitur is inapplicable to the case. Cf. Johnson v. United States, 1948, 333 U.S. 46, 68 S.Ct. 391, 92 L.Ed. 468; Jesionowski v. Boston & Maine R. Co., 1947, 329 U.S. 452, 67 S.Ct. 401, 91 L.Ed. 416. Greene v. Hathaway, 1951, 89 U.S.App. D.C. 229, 191 F.2d 656, may be distinguished from the case at bar in that there plaintiff's counsel in his opening statement specifically stated that he would show that the door of the taxicab was not opened by the plaintiff or by the

operator of the cab, the only two persons in the vehicle.

In Williams v. Capital Transit Co., D. C.Cir.1953, 204 F.2d 404, our Court of Appeals held a directed verdict to be proper, on the ground that res ipsa loquitur did not apply, where the only evidence was that plaintiff was a passenger on a common carrier, that the car "careened" immediately prior to the alleged accident, and that the plaintiff, who was standing in the aisle, was injured when she fell against a seat.

For the foregoing reasons the court feels constrained to grant the defendant's motion for a directed verdict. The clerk will call the jury in for that purpose.