244 F.2d 760
 100 U.S.App.D.C. 312
 Philip E. ACKERHALT, t/a Colonial Wall Paper and Paint
Company, Appellant,
v.
NATIONAL SAVINGS & TRUST COMPANY, A body corporate, as
trustee under will of Angelina Schlueter, Appellee.
 No. 13177.
 United States Court of Appeals District of Columbia Circuit.
 Argued Oct. 31, 1956.
Decided Nov. 15, 1956.
 
 [100 U.S.App.D.C. 313] Mr. Samuel Intrater, Washington, D.C., with whom Mr. Albert Brick, Washington, D.C., was on the brief, for appellant.
 Mr. John E. Powell, Washington, D.C., with whom Mr. John M. Lynham, Washington, D.C., was on the brief, for appellee.
 Mr. Arthur P. Drury, Washington, D.C., also entered an appearance for appellee.
 Before FAHY, DANAHER and BURGER, Circuit Judges.
 DANAHER, Circuit Judge.
 
 
 1
 After appellant had concluded his opening statement, the trial judge directed a verdict in favor of the appellee. He ruled, 'The liability, if any, would be on the part of the tenant in possession of the premises.' This appeal challenges that ruling.
 
 
 2
 On June 11, 1953, according to the complaint, water from the appellee's premises flooded the adjoining warehouse where appellant had stored wallpaper, a condition which so persisted that additional flooding occurred on July 14, 1953, and again on July 22, 1953, occasioning substantial further damage, allegedly due to the negligence of the appellee. The appellee's answer admitted that it was the trustee-owner of the premises adjoining the warehouse but denied 'that it caused or allowed to exist the condition' complained of, and denied negligence.
 
 
 3
 Appellant's opening statement may be summarized: Ackerhalt, in the wallpaper business, stored large amounts of wallpaper in his warehouse, adjacent to the building of which appellee is trustee-owner, and which it had rented to a tenant. Water leaked from the appellee's rented building because a bathtub therein was in bad repair, with resulting continual leakage. 'We will show further that the drain in this bathtub was defective-- and by 'drain,' I mean the escape drain-- so that when the bathtub became plugged up below, and from the leakage the bathtub became filled up, the upper drain, which is intended to take off any excess water, was unable to function properly, and as a result there was an overflow of water through this continual leakage * * *.' The condition was caused and allowed to exist as a result of the appellee's negligence, and 'as a result of this continual overflow of water it became actually a nuisance.' Ackerhalt gave notice to the appellee whose employees 'went to the premises, examined it, found this to exist, and attempted to make repairs'; and notwithstanding, 'they did so negligently,' with further resulting damage as of the 14th and 22nd of July. Appellant's loss was due to the negligence of the appellee.
 
 
 4
 'There is no question as to the power of the trial court to direct a verdict for the defendant upon the opening statement of plaintiff's counsel where that statement establishes that the plaintiff has no right to recover * * *. Plaintiff is entitled to the benefit of all inferences that may be drawn from his counsel's statement. To warrant the court in directing a verdict for defendant upon that statement, it is not enough that the statement be lacking in definiteness, but it must clearly appear, after resolving all doubts in plaintiff's favor, that no cause of action exists.' Best v. District of Columbia, 1934, 291 U.S. 411, 415-16, 54 S.Ct. 487, 489, 78 L.Ed. 882.
 
 
 5
 The trial judge here relied upon Bowles v. Mahoney, 1952, 91 U.S.App.D.C. 155, 202 F.2d 320, certiorari denied 1953, 344 U.S. 935, 73 S.Ct. 505, 97 L.Ed. 719, where the plaintiff, being an invitee of the tenant, was held to have no greater right against the landlord than had the tenant to whom the landlord owed no duty whatever. But this is not [100 U.S.App.D.C. 314] an action by tenant or by one standing in his right to assert a duty owing from the landlord to him as an invitee of the tenant.
 
 
 6
 This is a claim of a third party whose adjoining premises were flooded by water coming from the appellee's premises. The owner of premises may not, with impunity, direct, or negligently permit a flow of piped water from his premises to those of an adjoining owner to the latter's damage. On his opening statement, the appellant was entitled to the inference that the injury occurred because of the maintenance of a nuisance or because of the negligent repair of the water system in the appellee's building.
 
 
 7
 The question then becomes one of who is or may be liable. It is clear that appellee as owner-trustee of the adjoining premises which housed the source of the damage may be liable, unless somehow appellee had divested itself of possible liability.[1] Here, from the opening statement, it may be inferred that the appellee had not shifted to its tenant the obligation of maintenance. On the contrary, it may fairly be inferred that the appellee had retained the burden of maintenance. After notice of the June flooding, the appellee undertook repairs, and it may be deduced that it was bound to do so. It may fairly be inferred that it had not divested itself from right of entry upon or an access to its leased premises, for it actually entered upon the same and made repairs, negligently, as plaintiff alleges. It may fairly be inferred that the flooding condition was so continuous that the appellee as landlord had created a nuisance or an unsafe condition, or was charged with knowledge, that over a considerable period of time, the plumbing system was in bad repair resulting in continual leakage. It may fairly be inferred that the appellee 'actually had knowledge of what was going on,' as appellant claimed, and was bound, and felt itself bound to make the repairs. We have set forth as sufficiently illustrative some of the inferences to which appellant was entitled.
 
 
 8
 Appellee did not plead the lease or facts as to when it commenced, or as to its terms, or the appellee's obligations, or their lack, in accordance with its provisions. It may well be that upon a trial it may successfully defend in the light of all the facts in such respects.
 
 
 9
 It is enough for present purposes to say that, granting to the appellant the full intendment of the inferences to which he was entitled and resolving all doubts in his favor, we are unable to conclude that no cause of action exists.[2]
 
 
 10
 Reversed.
 
 
 
 [1]
 Cf. Security Savings & Commercial Bank v. Sullivan, 1919, 49 App.D.C. 119, 261 F. 461, where we pointed out that when the owner by lease, parts with the entire possession and control of the premises, and the tenant, either by express provision of the lease, or by the silence of the lease on that subject, assumes liability for keeping the premises in proper repair, the tenant, and not the owner will be liable for damages due to negligence in allowing the premises to get out of repair
 
 
 [2]
 See generally, Washington Loan & Trust Co. v. Hickey, 1943, 78 U.S.App.D.C. 59, 137 F.2d 677; Norfolk & W. Ry. Co. v. Amicon Fruit Co., 1920, 269 F. 559, 562, 14 A.L.R. 547; Security Savings & Commercial Bank v. Sullivan, 1919, 49 App.D.C. 119, 261 F. 461; Anderson Hotels of Louisiana v. Seibert, 1948, 213 Ark. 624, 211 S.W.2d 876; Johnson v. Prange-Guessenhainer Co., 1942, 240 Wis. 363, 2 N.W.2d 723; Appel v. Muller, 1933, 262 N.Y. 278, 186 N.E. 785, 89 A.L.R. 477, 480n; Schiesel v. S. Z. Poli Realty Co., 1928, 108 Conn. 115, 142 A. 812; Rositzky v. Burnes, 1927, 221 Mo.App. 993, 295 S.W. 830; Simms v. Kennedy, 1918, 74 Fla. 411, 76 So. 739, L.R.A. 1918C, 297; Mylander v. Beimschla, 1906, 102 Md. 689, 62 A. 1038, 5 L.R.A.,N.S., 316