Tommy CIOFFI, a minor by William N. Cioffi, his father and next friend, and William N. Cioffi, Appellants,

v.

QUEENSTOWN APARTMENTS, SECTION E, Inc., Appellee.

No. 13355.

United States Court of Appeals District of Columbia Circuit.

Argued March 26, 1957.

Decided April 18, 1957.

Mr. Paul D. Taggart, Washington, D. C., with whom Mr. Lester Wood, Washington, D. C., was on the brief, for appellants.

Mr. Francis L. Casey, Jr., Washington, D. C., with whom Mr. John J. Sirica, Washington, D. C., was on the brief, for appellee.

Before WASHINGTON, DANAHER and BASTIAN, Circuit Judges.

DANAHER, Circuit Judge.

Appellants complain of a judgment entered upon a verdict directed for the appellee at the conclusion of the appellants' opening statement.

The action had been commenced by a father suing in his own behalf and on the account of his four-year-old minor son. The latter lived with his parents in appellee's apartment development in Maryland. On the apartment grounds, admittedly in the control of and provided by the appellee for the use of tenants, were heavy iron benches which the appellee had caused to be fastened by iron bolts anchored into the concrete walkway. The benches were so firmly fixed and were safe for use when the family of the appellants moved into the premises, some two years prior to the occurrence complained of. Due to a flood, the bolts on the front legs of one of the benches had become loosened, and had so remained for some six months prior to the injury. Appellant's statement further disclosed "that about five to six months prior to this accident on September 24, 1952, one of the bolts or anchors that held it down in the cement, although loosened, came off completely, so that that leg if anyone sat on it or they would lean back on the bench, or anyone put any pressure on the back of the bench, would flop up."

The appellee had long had notice of the alleged dangerous condition of this particular bench and had said that "Something would be done about it, and nothing was ever done about it." The four-year-old appellant was given a bag of candy by his mother to divide with a small friend while she talked with a neighbor. The appellant child climbed onto the bench. As the two small boys sought to get at the candy, the bench was tipped back, throwing the appellant child to the ground. As the bench thereupon fell forward, one of the bench legs struck the head of the appellant child, then on the ground.

■ "Plaintiff is entitled to the benefit of all inferences that may be drawn from his counsel's statement. To warrant the court in directing a verdict for defendant upon that statement, it is not enough that the statement be lacking in definiteness, but it must clearly appear, after resolving all doubts in plaintiff's favor, that no cause of action exists."[1] The Court has also held that "Where uncertainty as to the existence of negligence arises * * * because, the facts being undisputed, fair-minded men will honestly draw different conclusions from them, the question is not one of law but of fact to be settled by the jury."[2]

■ Here the injury occurred in a portion of the premises, control over which was retained by the landlord. It is his duty to maintain such premises in a reasonably safe condition for the purpose for which they are intended, having in mind the possibility of danger reasonably to be apprehended from such use. Certainly it is reasonable to expect that a child, as well as an adult, will sit on a bench. If appellants' proof supports their opening statement, a jury might conclude that a bench which has been allowed to become dangerous and to remain in a dangerous condition reflects a failure to exercise ordinary care to meet a danger reasonably to be anticipated.

■■ While this injury occurred in Maryland, the question of whether a case may properly be dismissed on the plaintiff's opening statement must be determined according to the law of the District of Columbia.[3] We express no opinion as to the sufficiency of the appellants' case at the close of all of the evidence, for we are treating only of the situation revealed by the case in its present posture, without regard to claims of contributory negligence or other possible defenses on the merits under governing Maryland law.[4] At this stage, "All that we hold is that there was a duty in the circumstances to be reasonably alert that persons lawfully using the property should be safeguarded against danger which could, in the exercise of ordinary care, be foreseen and prevented."[5] Appellants are entitled to try to establish that much.

Reversed.

1. Best v. District of Columbia, 1934, 291 U.S. 411, 415–416, 54 S.Ct. 487, 489, 78 L.Ed. 882.

2. Gunning v. Cooley, 1930, 281 U.S. 90, 94, 50 S.Ct. 231, 233, 74 L.Ed. 720.

3. Tobin v. Pennsylvania R. Co., 1938, 69 App.D.C. 262, 263, 100 F.2d 435, 436, certiorari denied, 1939, 306 U.S. 640, 59 S.Ct. 488, 83 L.Ed. 1040.

4. Cf. Graham v. Western Maryland Dairy, 1951, 198 Md. 210, 81 A.2d 457; Gavin v. O'Connor, 1923, 99 N.J.L. 162, 122 A. 842, 30 A.L.R. 1383; Price v. Pocahontas Fuel Co., 4 Cir., 1931, 49 F.2d 39; Jones v. United States, 4 Cir., 1957, 241 F.2d 26.

5. Pessagno v. Euclid Inv. Co., 1940, 72 App.D.C. 141, 143, 112 F.2d 577, 579; cf. Kay v. Cain, 1946, 81 U.S.App.D.C. 24, 154 F.2d 305.