Carl W. HORN, Appellant,

v.

WOODWARD & LOTHROP, INC., a corporation, Appellee.

No. 16291.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 18, 1961.

Decided Nov. 2, 1961.

432

Mr. Thomas G. Laughlin, Washington, D. C., with whom Mr. Dorsey K. Offutt, Washington, D. C., was on the brief, for appellant.

Mr. Paul R. Connolly, Jr., Washington, D. C., for appellee.

Before Mr. Justice REED, retired *, and EDGERTON and FAHY, Circuit Judges.

PER CURIAM.

Appellant sued for personal injuries sustained in appellee's department store. The District Court directed a verdict for appellee on the opening statement of appellant's counsel, in which counsel proposed to prove the following facts:

Appellant was an active man of 77. He was in the habit of carrying a cane but did not need one. Because of a Christmas sale, he went to the store to buy shirts and see the Christmas display. A large crowd had been attracted to the store. At the Eleventh Street entrance there was a revolving door with a swinging door on each side. There were no signs on the revolving door, and no signs outside referring to conditions inside. Appellant waited till the revolving door had slowed down. He then walked slowly through it and found himself on a platform less than four feet wide, measuring from the edge of the revolving door to the top of a flight of stairs. The lighting was not adequate. He "stepped a short distance beyond the edge of the revolving door on this platform inside the store." He stopped momentarily and looked ahead. He found himself standing almost on the edge of the stairs. If he had taken another step forward he would have gone down the stairs. This startled him. People coming up stopped him so that he could not go down. He "slightly turned to the right, the door swung, and one of the sections struck him on the right side and knocked him down." If, as counsel had said, appellant had stepped "beyond the edge of the revolving door", his turn must have brought him back into its orbit.

We think the judge erred in directing a verdict. It does not clearly appear, after resolving all doubts in plaintiff's favor, that no cause of action exists. Best v. District of Columbia, 291 U.S. 411, 54 S.Ct. 487, 78 L.Ed. 882; Greene v. Hathaway, 89 U.S.App.D.C. 229, 191 F.2d 656.

Reversed.